**George A. MICHAK, Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2012.

Decided Nov. 9, 2012.

Reargument Denied Jan. 7, 2013.

George A. Michak, Harrisburg, pro se.

Leonard W. Crumb, Senior Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

George A. Michak (Requestor) petitions for review from the Final Determination of the Office of Open Records (OOR), which held that License Inspection Summaries (LISs) [1] issued by the Department of Public Welfare (Department) were exempt under the noncriminal investigative exception found at Section 708(b)(17) of the Right to Know Law (RTKL). [2] On appeal, Requestor argues that the OOR erred in denying his appeal because the LISs do not fall within the noncriminal investigative exception, the Department has already disclosed the information he seeks on its website, and the OOR improperly considered Requestor's purpose in seeking the LISs. The Department, in turn, argues that Requestor is now improperly revising his original Request, which was for the LISs, and is instead asking this Court to compel the Department to disclose summaries of information excerpted from the LISs.

Requestor submitted his Request to the Department's Agency Open Records Officer on August 18, 2011. The Request sought a number of different categories of documents. Relevant to this appeal, the Request sought disclosure of the following documents:

4. A copy of each and every LIS issued by or through OCDEL's[3] Scranton

1. The Request defines an "LIS" as "a Licensing/Approval Registration Summary issued by the Commonwealth of Pennsylvania, Department of Public Welfare, Office of Child Development and Early Learning." (Request at 2, R.R. at 2a.)

2. Act of February 14, 2008, P.L. 6, 65 P.S. § 67.708(b)(17).

3. The Request defines "OCDEL" as "the Commonwealth of Pennsylvania, Department of Public Welfare, Office of Child Develop-

Regional Office to any provider during the period of January 1, 2008 through the present in which violations were identified, including, without being limited to, a copy of each and every LIS prepared by, or as a result of inspections by, Kristin Moran.

(Request ¶ 4, R.R. at 3a.) The Department denied the Request with respect to Paragraph 4 (Response). The Response noted generally that Requestor represented KC Equities d/b/a Little Steps Day Care (Little Steps) in an appeal pending before the Department's Bureau of Hearings and Appeals from the OCDEL's decision "to issue a provisional certificate of compliance to Little Steps (a child care provider) and to revoke Little Steps' regular certificate of compliance." (Response at 1, R.R. at 5a.) The Response also stated that the Request was "virtually identical to a request for documents that [Requestor] served on OCDEL in the context of the litigation. As explained below, this context does inform our response to your catch-all requests." (Response at 1, R.R. at 5a.) With respect to Paragraph 4 of the Request, the Response stated that an LIS "sets forth the results of a [Department] investigation conducted by OCDEL staff of an OCDEL licensee" and that LISs are, therefore, exempt from disclosure pursuant to the noncriminal investigative exception of Section 708(b)(17).[4] (Response at 5, R.R. at 9a.)

Requestor appealed the denial of his Request to the OOR. With respect to documents the Department claimed were exempt pursuant to Section 708(b)(17), Re-questor argued that the Department "routinely release[d] the requested information to ... the public on request" and released "information related to the regulated community, including the initiation and status of investigations, on its publicly accessible website." (OOR Appeal at 3, R.R. at 18a.) Requestor also argued that the Department routinely releases LISs, along with responses and other Department actions relating to licenses and certificates, on its website and that the investigations relating to these documents had already been revealed. (OOR Appeal at 3–4, R.R. at 18a–19a.)

The OOR assigned the matter to an appeals officer, who invited the parties to brief the matter and submit any evidence supporting their positions. The Department submitted the Affidavit of Terry Shaner–Wade, the Regional Daycare Director (Director) for OCDEL's North Central Region. In this Affidavit, the Director described the contents of a LIS and stated that the Department does not provide copies of LISs on its website, but instead provides information extracted from LISs intended to help the public choose among available childcare providers. Requestor did not supply any evidence to support his allegation that the Department makes LISs available on its website.

Through its appeals officer, the OOR issued its Final Determination on November 15, 2011. Therein, the OOR determined that the LISs are documents that would " '[r]eveal the institution, progress o[r] result of an agency investigation' " and

---

ment and Early Learning." (Request at 2, R.R. at 2a.)

4. Section 708(b)(17)(vi)(A) provides that a record "relating to a noncriminal investigation" is exempt from disclosure if it would

(A) Reveal the institution, progress or result of an agency investigation, except the imposition of a fine or civil penalty, the suspension, modification or revocation of a license, permit, registration, certification or similar authorization issued by an agency or an executed settlement agreement unless the agreement is determined to be confidential by a court.

65 P.S. § 67.708(b)(17)(vi)(A).

were, therefore, exempt pursuant to Section 708(b)(17). (Final Determination at 11 (quoting 65 P.S. § 67.708(b)(17)(vi)(A)) (first alteration added).) In support, the OOR cited this Court's decision in *Department of Health v. Office of Open Records*, 4 A.3d 803, 810–11 (Pa.Cmwlth.2010), and stated that the affidavits provided by the Department showed that some of the documents sought by the Request, including those described in Paragraph 4 at issue in this appeal, related to noncriminal investigations into licensees' compliance with applicable statutes and regulations. (Final Determination at 11–12.) With regard to Requestor's argument that the Department "has regularly released the types of records" sought by the Request, the OOR determined that "an agency's exercise of its discretion to release certain records does not automatically serve to transform them into 'public records' as defined by" Section 102 of the RTKL, 65 P.S. § 67.102.[5] (Final Determination at 12 n.5.)

▇▇▇ Requestor now appeals to this Court.[6] We first address Requestor's argument that the LISs are not exempt under the noncriminal investigative exception of Section 708(b)(17) because they "unquestionably" effectively modify or condition day care providers' certificates of compliance issued by the Department. (Requestor's Br. at 18.) Section 708(b)(17)(vi)(A) permits the disclosure of noncriminal investigative documents that suspend, modify, or revoke a license, registration, permit, certificate, or other similar agency authorization. 65 P.S. § 67.708(b)(17)(vi)(A). However, according to the evidence of record, LISs do not modify providers' certificates of compliance. Rather, the Director's Affidavit describes an LIS as follows:

12. "LIS" stands for "Licensing/Approval/Registration Inspection Summary." [A] LIS is generated by OCDEL at the conclusion of the investigative process, if OCDEL determines that the investigated licensee is out of compliance with one or more requirements. When filled out, an LIS contains the following information:

a. The name and address of the "legal entity," i.e., the entity licensed by OCDEL.

b. The name of the person who inspected the licensee, and the date and reason for the investigation.

c. A citation of the law or regulation that the investigator finds the licensee to be out of compliance with.

d. A description of the acts, omissions, or circumstances pertaining to the violation.

e. A description of the actions that OCDEL requires of the licensee in order to correct the violation.

f. A space for the provider to set forth its "plan of correction."

(Affidavit of Director ¶ 12, S.R.R. at 17b–18b.) Because it is a report of an inspection of a licensed facility, a LIS describes deficiencies in a licensee's compliance with the relevant statute and regulations, and

---

5. Section 102 defines "Public record" as:
   A record, including a financial record, of a Commonwealth or local agency that:
   (1) is not exempt under section 708;
   (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or
   (3) is not protected by a privilege.
   65 P.S. § 67.102.

6. "When reviewing a determination of the OOR we independently review the determination and may substitute our own findings of fact for that of the agency. Our scope of review is plenary." *Hodges v. Pennsylvania Department of Health*, 29 A.3d 1190, 1192 n. 6 (Pa.Cmwlth.2011).

provides space for the licensee to set out a plan of correction. However, the LIS does not affect or change a licensee's certificate of compliance. The Department issues sanction letters to revoke or modify certificates of compliance. (Affidavit of Director ¶¶ 12, 18, S.R.R. at 17 b–18 b.) Thus, the evidence contradicts Requestor's argument that the LIS affects or changes a certificate of compliance and, therefore, disclosure pursuant to Section 708(b)(17)(vi)(A) is not implicated here.

■ Requestor also argues that the LISs cannot be exempt from disclosure because the Department has already disclosed the LISs on its website. Requestor asserts that, although available online, the LISs are difficult to access on the Department's website and should, therefore, be disclosed to him under the RTKL. We note that, in this argument, Requestor does not challenge whether the LISs would, if not otherwise disclosed, meet the criteria for noncriminal investigative documents pursuant to Section 708(b)(17). Rather, Requestor argues that a document that has been disclosed on a website cannot be exempt from disclosure under the RTKL. However, the credited Director's Affidavit denied that the Department posts LISs to its website, stating only that the Department posts *excerpts* from LISs to its website:

13. OCDEL extracts information from LISs and posts that information on its COMPASS website, which is publicly

accessible: *http://www.humanservices. state.pa.us/Compass.Web/Provider Search/pgm/PSWEL.aspx.*

14. OCDEL's purpose in posting information from its LISs on its website is to assist members of the public to "Find a Provider" of childcare services, and to make a more informed decision from among the various available providers.

15. OCDEL does not publish copies of the LISs themselves, nor does it post its negative sanction letters.

(Affidavit of Director ¶¶ 13–15, S.R.R. at 18b (underlining in original).) Requestor alleges that the Department, in fact, publishes substantially the same information on the website that is included in the LISs. However, Requestor did not offer any evidence to support this allegation.[7] Thus, we are not presented with a case where an agency is denying disclosure under the RTKL of a document that the agency has already publicly published.

Requestor, however, argues that even if the documents on the website are not LISs, they contain the information that he is seeking, they are similar to the LISs, or contain substantially the same information and, therefore, this Court should compel the Department to provide to Requestor the documents it has published on its website. The Department responds that Requestor is asking this Court to compel the Department to provide documents that Requestor did not originally seek in the Re-

---

7. We note that the OOR did not err in determining that the LISs satisfy the requirements of Section 708(b)(17) as explained in *Department of Health*. In *Department of Health*, this Court interpreted the term "investigation" as used in this Section to mean "a systematic or searching inquiry, a detailed examination, or an official probe." *Department of Health*, 4 A.3d at 811. In this case, Requestor mainly argues that the LISs do not fall within noncriminal investigative exception found in Section 708(b)(17) because the Department already disclosed the LISs on its website. There is no evidence that the Department has disclosed the LISs on its website. Moreover, as described in the Director's Affidavit, LISs state the cause for investigation, the conditions or acts the Department believes violate its controlling statutes or regulations, and the provisions violated. (Affidavit of Director ¶ 12, S.R.R. at 17b–18b.) Therefore, the LISs constitute documents that would reveal the institution, progress, or result of an investigation.

quest. In Paragraph 4 of the Request, Requestor sought copies of LISs. While Requestor argues that the documents on the website are essentially what he seeks, the credited evidence of record establishes that these documents are not LISs, as discussed above.

This Court has held that, because Section 903(2) of the RTKL, 65 P.S. § 67.903(2), requires an agency to state its specific reasons for denying a request, an agency may not change its basis for denial of a record on appeal. *Signature Information Solutions, LLC v. Aston Township*, 995 A.2d 510, 514 (Pa.Cmwlth.2010). Similarly, Section 703 of the RTKL states that a written request for records "should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested." 65 P.S. § 67.703. Thus, where a requestor requests a specific type of record, as Requestor did in this case by specifically requesting LISs in Paragraph 4 of the Request, the requestor may not, on appeal, argue that an agency must instead disclose different records in response to the request. To allow a requestor to do so would render meaningless the obligation of an agency to respond specifically to a request and would deny the agency the opportunity to specifically state, in the first instance, its grounds for denying the disclosure of the newly-sought documents. Therefore, because the Request sought LISs, which the evidence establishes are not the documents published on the Department's website, we reject Requestor's argument that the Department should be required, instead, to disclose the documents published on its website.

▪ Finally we address Requestor's argument that the OOR and the Department improperly considered the purpose for which he requested the LISs. Requestor argues that the Department improperly referenced and considered his attempts to obtain similar information in his Request from the Department through a request for production of documents to the OC-DEL in an administrative matter involving Little Steps. Requestor also points out that, before the OOR, the Department argued that the Request was an improper attempt to bypass discovery. Section 302(b) of the RTKL prohibits an agency from denying a request based on the requestor's intended use of the record requested. 65 P.S. § 67.302(b); *City of Allentown v. Brenan*, 52 A.3d 451, 455 n. 8 (Pa.Cmwlth.2012). However, even though the Department referenced Requestor's reason for requesting the LIS s, the OOR properly analyzed the denial of the LISs under the noncriminal investigative exception and determined that the LISs fell within the exception. Thus, any reference to the purpose of the Request by the Department or the OOR was harmless because the records were properly withheld, as discussed above.

For the foregoing reasons, we affirm the OOR's Final Determination.

### ORDER

**NOW,** November 9, 2012, the Final Determination of the Office of Open Records in the above-captioned matter is hereby **AFFIRMED.**