Christopher **HEAVENS**, Petitioner

v.

**PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 7, 2012.

Decided April 9, 2013.

---

_____
(Name)

_____
(Address)

_____
(Telephone Number)
Pa. R.C.P. No. 1018.1(b).

Christopher J. Heavens, Boothwyn, pro se.

Greg Venbrux, Assistant Counsel, Pittsburgh, for respondent.

BEFORE: PELLEGRINI, President Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

Christopher Heavens (Requester) petitions for review from a final determination of the Office of Open Records (OOR) denying his request submitted pursuant to the Right to Know Law[1] (RTKL) for records related to an investigation conducted by the Pennsylvania Department of Environmental Protection (DEP) on the grounds that DEP had met its burden of demonstrating that the records sought were exempt from access under the noncriminal investigation exemption, the attorney-client privilege, and the attorney-work product doctrine. For the following reasons, we affirm.[2]

On January 30, 2012, Requester sent a letter to DEP containing a RTKL request for "complete copies of all files relating to the DEP investigation into the accident that occurred at or near Independence Township, Washington County, Avella, Pennsylvania, on February 23, 2011." (Reproduced Record (R.R.) at 4a.) DEP's open-records officer received the request on January 31, 2012. (R.R. at 6a.) On February 7, 2012, DEP's Assistant Regional Director of the Southwest Regional Office informed Requester that the request was under review, that DEP needed to make use of the additional time provided

for by Section 902(b)(2) in order to respond to the request, and that DEP would respond to the request by March 8, 2012. (R.R. at 6a.); 65 P.S. § 67.902(b)(2). On March 8, 2012, DEP notified Requester that the request was granted in part and denied in part. (R.R. at 10a.)

In granting the request in part, DEP provided Requester with a copy of a consent decree and agreement entered into between DEP and Chesapeake Appalachia, LLC.[3] (R.R. at 10a.) In denying the request in part, DEP asserted that the records withheld fell within the noncriminal investigation exception, because the records "are investigative materials, notes, correspondence and reports and emails, or reveal the institution, progress or result of an agency investigation," as well as "reflect the Agency's systematic or searching inquiry, a detailed examination, and an official probe," and contain "notes, interviews, reports, and memoranda reflecting communications with persons who furnished information," consistent with the privileged communication afforded an informant. (R.R. at 11a); See Section 708(b)(17), 65 P.S. § 67.708(b)(17). DEP also denied the request on the basis that the records withheld included "internal, predecisional communications . . . regarding [DEP's] contemplated course of action in addressing the agency's response to the February 23, 2011, tank fire," and therefore fell within the internal, pre-decisional

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

2. Our scope of review under the RTKL is plenary and our standard of review calls for an independent review of the OOR's orders and we may substitute our own findings of fact for that of the agency. *Bowling v. Office of Open Records*, 990 A.2d 813, 818, 820 (Pa. Cmwlth.2010), *appeal granted*, 609 Pa. 265, 15 A.3d 427 (2011).

3. Chesapeake Appalachia is the owner and operator of three gas wells located at the

"Joseph Powers" site that are drilled into the Marcellus Shale formation. (Consent Order Agreement ¶ C, R.R. at 17a.) On February 23, 2011, a fire at the Joseph Powers site was caused by the ignition of condensate vapors that stemmed from Chesapeake Appalachia's decision to use open topped tanks, which allowed for the release of the highly volatile and flammable vapors and caused significant threats to public health safety and environment. (*Id.* at ¶ L, R.R. at 18a.)

deliberative records exception, and the common law deliberative process privilege.[4] Finally, DEP concluded that certain records must be withheld from access because they were protected from disclosure under the attorney-client and work product doctrine privileges. (R.R. at 13a.) Requester appealed to the OOR.

The OOR invited both parties to submit information to supplement the record before the Appeals Officer. Requester submitted a brief in which he argued that DEP had failed to demonstrate by a preponderance of the evidence that the records withheld fell within the asserted exceptions or privileges and that there were strong public policy reasons supporting public access to the records. (R.R. at 74a–77a.) DEP submitted a brief asserting the same exceptions and privileges addressed in its initial denial of the RTKL request. (R.R. at 37a–47a.) DEP also submitted a log and a series of affidavits in support of the various exceptions and privileges that DEP asserted as a basis to deny access to the requested records. (R.R. at 37a–70a, 110a–149a.)

On April 19, 2012, the Appeals Officer issued a final determination, concluding that DEP had met its burden of demonstrating that the requested records were exempt from disclosure under the non-criminal investigation exception to public access, the attorney-client privilege, and the privilege provided by the work-product doctrine. The final determination did not address whether the records were also properly withheld pursuant to the predecisional deliberation exception and the infor-

mant's privilege. Requester appealed to this Court.

Before this Court, Requester again argues that DEP has not met its burden and that strong public policy reasons support disclosure. DEP argues first that because the specific language of the request explicitly seeks records relating to a DEP investigation, all responsive records would, as a direct consequence, be exempt from disclosure. In the alternative, DEP asserts that it has demonstrated that the records were properly withheld under the noncriminal investigation and predecisional deliberation exceptions, and the attorney-client privilege, work product doctrine, and informant's privilege.

■ Under the RTKL, a record in the possession of a Commonwealth or local agency is presumed to be a public record unless: (1) the record is exempt under section 708; (2) the record is protected by a privilege; or (3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree. Section 305, 65 P.S. § 67.305. Where the Commonwealth or local agency asserts that the record or records requested are exempt from public access under one of the exceptions listed in Section 708(b), the agency has the burden of proving by a preponderance of evidence that the exception asserted applies. 65 P.S. § 67.708(a). Testimonial affidavits found to be relevant and credible may provide sufficient evidence in support of a claimed exemption. *Michak v. Department of Public Welfare*, 56 A.3d 925, 929 (Pa. Cmwlth.2012) (credited affidavits supported Department's assertion that the

---

4. The internal, pre-decisional deliberative records exception provides: "[t]he internal, pre-decisional deliberations of an agency, its members, employees or officials or predecisional deliberations between agency members, employees or officials and members, employees or officials of another agency, in-

cluding predecisional deliberations relating to a budget recommendation, legislative proposal, legislative amendment, contemplated or proposed policy or course of action or any research, memos or other documents used in the predecisional deliberations." 65 P.S. § 67.708(10)(i)(A).

documents requested were not previously released to the public and did fall within the noncriminal investigation exception); *Department of Environmental Protection v. Legere,* 50 A.3d 260, 266 (Pa.Cmwlth. 2012) (where records existed and were in possession of the agency affidavits detailing steps taken to locate records are insufficient to preclude public access absent an exemption); *Sherry v. Radnor Township School District,* 20 A.3d 515, 520–521 (Pa. Cmwlth.2011) (OOR did not err in relying upon affidavits in rendering its final determination).

■ Where the agency is asserting a privilege, the burden of proof is on the agency to demonstrate that the privilege applies. *Levy v. Senate,* 34 A.3d 243, 249 (Pa.Cmwlth.2011), *appeal granted,* — Pa. ——, 44 A.3d 1146 (2012). The RTKL defines "privilege" as including: the attorney-work product doctrine, the attorney-client privilege, the doctor-patient privilege, the speech and debate privilege, or other privilege recognized by a court interpreting the laws of this Commonwealth. Section 102, 65 P.S. § 67.102. Where a privilege does apply, an agency does not have discretion to release for public access information protected by privilege. Section 506, 65 P.S. § 67.506.

Section 708(b)(17) of the RTKL exempts from public access records of an agency relating to a noncriminal investigation. 65 P.S. § 67.708(b)(17). Section 708(b)(17) defines a record of an agency relating to a noncriminal investigation as including:

(i) Complaints submitted to an agency.

(ii) Investigative materials, notes, correspondence and reports.

(iii) A record that includes the identity of a confidential source, including individuals subject to the act of December 12, 1986 (P.L. 1559, No. 169), known as the Whistleblower Law.

(iv) A record that includes information made confidential by law.

(v) Work papers underlying an audit.

(vi) A record that, if disclosed, would do any of the following:

(A) Reveal the institution, progress or result of an agency investigation, except the imposition of a fine or civil penalty, the suspension, modification or revocation of a license, permit, registration, certification or similar authorization issued by an agency or an executed settlement agreement unless the agreement is determined to be confidential by a court.

(B) Deprive a person of the right to an impartial adjudication.

(C) Constitute an unwarranted invasion of privacy.

(D) Hinder an agency's ability to secure an administrative or civil sanction.

(E) Endanger the life or physical safety of an individual.

65 P.S. § 67.708(b)(17). Although the RTKL does not define "noncriminal" or "investigation", this Court has held that the noncriminal investigation exception is applicable where an agency can demonstrate that the records reflect "a systematic or searching inquiry, detailed examination, or an official probe," that is not criminal in nature. *Department of Health v. Office of Open Records,* 4 A.3d 803, 810–811 (Pa.Cmwlth.2010).

The OOR Appeals Officer concluded that because the RTKL request asked on its face for documents relating to DEP's investigation of a specific incident, any responsive records could be withheld by DEP under the noncriminal investigation exemption based on the express language of the request. (OOR Determination at 5.) The OOR Appeals Officer also concluded that further support for denying access to

the records was provided by the log and affidavits submitted by DEP. (*Id.*)

▮▮▮ In analyzing whether a particular exception to public access under section 708(b) applies, a first step is comparing the language of the RTKL request with the language of the exception asserted. *Pennsylvania Public Utility Commission v. Gilbert,* 40 A.3d 755, 761 (Pa.Cmwlth.2012). We disagree, however, that this should have also been the last step in this instance, because it was incumbent upon DEP to determine whether records existed that did not fall within the exception or whether an exception to the noncriminal investigation exception required that certain documents be disclosed. *See* 65 P.S. § 67.708(b)(17)(vi)(A) (the noncriminal investigation exception does not apply to " ... the imposition of a fine or civil penalty, the suspension, modification or revocation of a license, permit, registration, certification or similar authorization issued by an agency or an executed settlement agreement unless the agreement is determined to be confidential by a court."); *see also Johnson v. Pennsylvania Convention Center Authority,* 49 A.3d 920, 924 (Pa.Cmwlth.2012) ("Simply because 'grievance material' is mentioned in Section 708(b)(7), does not mean that all grievance materials in every situation, including a union's 'jurisdictional grievance' under a labor management agreement is exempt."). Thus, to the extent that the Appeals Officer granted a blanket exemption to all responsive documents due to the language of the request alone, the Appeals Officer erred.

Here, DEP properly conducted its RTKL determination. Although on its face, the request asked for records related to an investigation, DEP did not simply deny the request, but instead disclosed the consent decree and agreement entered into between DEP and Chesapeake Appalachia, LLC. In addition, it is clear from the affidavits and log that DEP conducted a thorough examination of the responsive documents to determine whether all documents related to the investigation conducted by DEP were actually exempt from disclosure or if some of the records could be available for public access.

▮ DEP's log, in the same vein as privilege logs long familiar to the courts, lists one hundred twenty-three (123) records with the date, record type, author, recipients, description, and RTKL exemption or privilege asserted for each record that was responsive to the request and that DEP determined should be withheld from public access. Of these, DEP determined that one hundred five (105) fell within the noncriminal investigation exception. For example, record No. 52 documents the chronology of the incident constructed by DEP and record No. 55 reflects discussions of the investigation of, and witnesses to, the Joseph Powers well site fire, both of which fall within the exception contained in Section 708(b)(17)(iv)(A) for records relating to the "institution, progress or result of an agency investigation." 65 P.S. § 67.708(b)(17)(iv)(A). DEP then submitted affidavits from individuals familiar with the records in the log who could attest to the applicability of the grounds upon which DEP asserted the records should be withheld where the applicability of an exception or privilege was not self-evident from the description of the record.[5] For example, DEP legal counsel to

---

**5.** The individual affiants and the documents attested to include: Alan J. Eichler, DEP Environmental Program Manager for Oil and Gas Management Southwest Regional Office,

Record No. 1–43, 45, 65, 77–78 (DEP Exhibit E, R.R. at 111a–114a); Richard T. Watling, DEP Legal Counsel to Bureau of Oil and Gas Management Southwest Region, Record No.

the Bureau of Oil and Gas Management for the Southwest Region verified in an affidavit that record No. 77, results from samples collected at the incident site by DEP staff, evidenced a detailed examination into the environmental impact of the Joseph Powers well site fire as a part of an official probe, and that disclosure would intrude upon or reveal the "institution, progress, or result," of the noncriminal investigation by the agency. As a result, we conclude that the OOR Appeals Officer did not err in determining that DEP demonstrated by a preponderance of the evidence that the records withheld under the noncriminal investigation exception were exempt from disclosure under the RTKL.

▓▓▓▓ Eighteen (18) of the records withheld from disclosure were not withheld under the noncriminal investigation exception. Instead, these records were withheld from public access due to the attorney-client and work-product privilege. In Pennsylvania, the attorney-client privilege is codified in Section 5928 of the Judicial Code as follows:

> In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client. 42 Pa.C.S. § 5928. The attorney-client privilege protects communication made for the purpose of obtaining or providing pro-

fessional legal advice, regardless of whether that communication traveled from attorney to client or client to attorney. *Gillard v. AIG Insurance Co.*, 609 Pa. 65, 89, 15 A.3d 44, 59 (2011). The privilege protecting communication made for the purpose of obtaining or providing professional legal advice extends to the agency setting where attorneys are working in their professional capacity. *Sedat, Inc. v. Department of Environmental Resources* [77 Pa. Cmwlth. 386], 465 A.2d 1324 (Pa. Cmwlth.1983). The party asserting the attorney-client privilege must set forth facts showing that the privilege has been properly invoked. *Levy v. Senate*, 34 A.3d at 249.

▓▓▓▓ Here, DEP asserted the attorney-client privilege to withhold records identified in the log as Nos. 27, 28, 80, 84, and 86. In support, DEP presented the affidavits of its Environmental Program Manager for Oil and Gas Management for its Southwest Regional Office, its legal counsel to the Bureau of Oil and Gas Management for the Southwest Region, and its Special Investigator for the Bureau of Investigation for the Office of Chief Counsel. The affidavits make clear that the records contain communications made to and by DEP counsel for the purpose of providing professional legal advice concerning legal issues arising out of DEP's investigation of the Joseph Powers well site fire. The affidavits also make clear that the legal

---

1–43, 45, 65, 77–101 (DEP Exhibit F, R.R. at 116a–119a.); Edward J. Mokos, DEP Special Investigator, Bureau of Investigation, Office of Chief Counsel, Record No. 6, 19, 22, 26, 31, 35, 37–38, 41–43, 65 (DEP Exhibit G, R.R. at 121a–123a.); Major Martin L. Henry III, Director Bureau of Records and Identification Pennsylvania State Police, Record—Pennsylvania State Police Fire Investigation Report B01–1829907 (DEP Exhibit H, R.R. at 126a–128a.); Dennis A. Whitaker, DEP Executive

Deputy Chief Counsel, Record No. 44, 46, 47–64, 66–76, 110, 113 (DEP Exhibit I, R.R. at 130a–133a.); Alisa Harris, DEP Special Deputy Secretary for External Affairs, Record No. 109, 111–112, 114–115 (DEP Exhibit J, R.R. at 135a–141a.); Marcus Kohl, DEP Director of Program Integration Office, Record No. 117–123 (DEP Exhibit K, R.R. at 143a–145a.); and Katherine Gresh, DEP Director of Communications, Record No. 102–108 (DEP Exhibit L, R.R. at 147a–149a.)

communication has remained confidential and has not been disclosed to third parties that are not a part of the attorney-client relationship. We therefore conclude that DEP has met its burden.

 We likewise conclude that DEP has demonstrated that the remaining documents are protected from disclosure by the work-product doctrine. The work-product doctrine offers broad protection to the mental impressions, theories, notes, strategies, research and the like created by an attorney in the course of his or her professional duties, particularly in antici-pation or prevention of litigation. *Gillard,* 609 Pa. at 89 n. 16, 15 A.3d at 59 n. 16. Like the attorney-client privilege, under the RTKL the work-product doctrine pro-tects a record from the presumption that the record is accessible by the public if an agency sets forth facts demonstrating that the privilege has been properly invoked. 65 P.S. §§ 67.102, 67.305. As the Appeals Officer found, the DEP logs, supported by the affidavit of DEP's legal counsel to the Bureau of Oil and Gas Management for the Southwest Region, provide sufficient proof that the records withheld pursuant to the work-product doctrine, identified in the log as Nos. 23–25, 29–33, 96–101, re-flected counsel's opinions concerning DEP's legal actions following the well fire, up to and including what became the exe-cuted consent agreement with Chesapeake Appalachia.

 Having concluded that the at-torney-client and work-product doctrine privileges prevent DEP from disclosing the remaining responsive records, we must also reject Requester's arguments that the public nature of the Joseph Powers well site fire and public policy support disclo-sure of these records and that DEP should have released the records withheld with redactions. As we stated above, the RTKL's presumption of public access does not apply to privileged records and the RTKL does not give agencies the discre-tion to disclose privileged records. Addi-tionally, while public policy may or may not support an exercise of DEP's discre-tion to waive the noncriminal investigation exception to disclosure here, the RTKL gives such discretion to DEP, not the OOR or reviewing courts. Furthermore, under the RTKL, records that are exempt under Section 708 or privileged are not consid-ered public records and are therefore not subject to the redaction requirement con-tained in Section 706, which applies only to records that are public and contain infor-mation that is not subject to access. 65 P.S. § 67.706; *Saunders v. Pennsylvania Department of Corrections,* 48 A.3d 540, 543 (Pa.Cmwlth.2012). Accordingly, we find no basis for Requester's argument that we can order release of the records under the RTKL where DEP has proven by a preponderance of the evidence that it has a basis upon which to withhold them from the public.

In sum, we conclude that the records withheld by DEP in response to Reques-ter's RTKL request have been properly shown by a preponderance of the evidence, in part, to be exempt from public access under the noncriminal investigation excep-tion, and that the attorney-client and the attorney-work product doctrine privileges prevented disclosure of the remaining rec-ords. As we have concluded that each of the records have been properly withheld from public access, we conclude it is not necessary to determine whether the rec-ords were also properly withheld upon the additional grounds asserted by DEP. The order of the OOR is affirmed.

## *ORDER*

AND NOW, this 9th day of April, 2013, the final determination of the Office of

Open Records in the above-captioned matter is AFFIRMED.