# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of State,       :
                    : No. 130 C.D. 2015
            Petitioner    : Submitted: August 7, 2015
                    :
          v.               :
                    :
Alton Brown,            :
                    :
           Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                FILED: October 7, 2015

The Department of State (Department) petitions for review of the January 7, 2015, final determination of the Office of Open Records (OOR), which granted Alton Brown's request for records pursuant to the Right-to-Know Law (RTKL).[1] We affirm.

On October 20, 2014, the Department's open records officer (Records Officer) received Brown's request, dated October 14, 2014, which stated: "Please provide access to ALL reportings filed by [a specific named physician (Physician)

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101–67.3104.

licensed by the State Board of Medicine (Board)] pursuant to 40 P.S. §1303.903(1)."[2] (Brown's Req., 10/14/14, at 1.) In a response dated October 27, 2014, the Records Officer denied Brown's request on the ground that the letters were exempt from disclosure pursuant to section 708(b)(17) of the RTKL, 65 P.S. §67.708(b)(17),[3] because they were records related to an agency's noncriminal investigation.

---

[2] Section 903(1) of the Medical Care Availability and Reduction of Error (MCARE) Act, Act of March 20, 2002, P.L. 154, *as amended*. Section 903(1) of the MCARE Act provides:

> A physician shall report to the State Board of Medicine or the State Board of Osteopathic Medicine, as appropriate, within 60 days of the occurrence of . . . [n]otice of a complaint in a medical professional liability action that is filed against the physician. The physician shall provide the docket number of the case, where the case is filed and a description of the allegations in the complaint.

40 P.S. §1303.903(1).

[3] Section 708(b)(17) of the RTKL exempts in relevant part:

> (17) A record of an agency relating to a noncriminal investigation, including:
>
> > (i) Complaints submitted to an agency.
> >
> > (ii) Investigative materials, notes, correspondence and reports.
> > * * *
> > (iv) A record that includes information made confidential by law.
> > * * *
> > (vi) A record that, if disclosed, would do any of the following:
> >
> > > (A) Reveal the institution, progress or result of an agency investigation, except the imposition of a fine or civil penalty, the suspension, modification or revocation of a license, permit, registration, certification or similar authorization issued by an agency or an executed settlement agreement unless the agreement is determined to be confidential by a court.

65 P.S. §67.708(b)(17).

On November 18, 2014, Brown appealed the Records Officer's denial to the OOR, and the OOR invited Brown and the Department to supplement the record. The Department submitted a position statement and the sworn affidavit of Bernadette Paul, the deputy chief counsel of the Department's prosecution division. In her affidavit, Paul stated that "[t]he Department's Bureau of Enforcement and Investigation (BEI) conducts investigations on behalf of the Department's Bureau of Professional and Occupational Affairs (BPOA) and its 29 professional licensing boards," including the Board. (Paul Aff., 11/21/14, at 1.) Paul further stated:

> [T]he Department receives reports from physicians under section 903 of the [MCARE] Act . . . . These MCARE reports are processed as the complaint that initiates an investigation. This information . . . is used exclusively by BEI and the prosecution division as part of an investigation to determine whether to file formal legal action against the physician before the respective [b]oard to take disciplinary action . . . .

(*Id.*) Paul also stated that Physician is a medical doctor licensed by the Board, and that "the Board has taken no disciplinary action against [Physician]." (*Id.*)

On November 18, 2014, the OOR issued an order directing Brown to provide a copy of his request within seven days of the order. On December 1, 2014, the OOR dismissed Brown's appeal for failure to comply with its November 18, 2014, order. On December 2, 2014, the OOR received Brown's letter dated November 24, 2014, stating that he included the request when he filed his appeal with the OOR. On December 16, 2014, the OOR issued an order stating that it had

discovered a copy of the request in Brown's file and would treat Brown's November 24, 2014, letter as a petition for reconsideration, which the OOR granted.

On January 7, 2015, the OOR granted Brown's appeal and directed the Department to provide all responsive records within 30 days. The OOR determined that the Department failed to prove that the requested records were exempt under the noncriminal investigation exemption of the RTKL because the Department had not established that it possessed the records or that an investigation had actually been conducted. The Department now petitions this court for review.[4]

Commonwealth agencies must "provide public records" to requestors. Section 301(a) of the RTKL, 65 P.S. § 67.301(a). Section 102 of the RTKL defines a "record" as "[i]nformation . . . that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency." 65 P.S. §67.102. Although records in the possession of a Commonwealth agency are presumed to be public records, "[t]he presumption shall not apply if: (1) the record is exempt under section 708 [of the RTKL]; (2) the record is protected by a privilege; or (3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree." Section 305(a) of the RTKL, 65 P.S. §67.305(a). An agency bears the burden of proving, by a preponderance of the evidence, that a record is exempt from

_____

[4] Our standard of review under the RTKL is *de novo*, and we may adopt the agency's findings or substitute them with our own. *Bowling v. Office of Open Records*, 75 A.3d 453, 474 (Pa. 2013). Our scope of review under the RTKL is plenary, and we may expand the record through additional hearings or remand. *Id.* at 475-76.

4

disclosure under one of the enumerated exemptions. Section 708(a)(1) of the RTKL, 65 P.S. §67.708(a)(1).

First, the Department argues that it was not required to prove that responsive records existed or that an investigation actually occurred because all records responsive to Brown's request would be exempt under the plain language of section 708(b)(17) of the RTKL. We disagree.

"In analyzing whether a particular [exemption] to public access under section 708(b) [of the RTKL] applies, a first step is comparing the language of the RTKL request with the language of the [exemption] asserted." *Heavens v. Pennsylvania Department of Environmental Protection*, 65 A.3d 1069, 1075 (Pa. Cmwlth. 2013). Where the plain language of an asserted exemption exempts the requested records, the agency will have met its burden of proving that the exemption applies. *See Coulter v. Department of Public Welfare*, 65 A.3d 1085, 1090 (Pa. Cmwlth. 2013) (holding that the agency met its burden where the plain language of section 708(b)(17) of the RTKL exempts the requested "correspondence and . . . reports that were produced as a result of the investigations").

Here, Brown requested "ALL reportings filed by [Physician] pursuant to 40 P.S. §1303.903(1)." (Brown's Req., 10/14/14, at 1.) Brown's request does not, on its face, describe records related to an investigation of any kind and, thus, it does not track the language of section 708(b)(17) of the RTKL exempting "records relating to a noncriminal investigation." Therefore, the Department failed to prove that all

records responsive to Brown's request would be exempted by the plain language of section 708(b)(17) of the RTKL.

Next, the Department argues that it was not required to prove that responsive records existed or that the Department actually conducted an investigation because doing so would "[r]eveal the institution, progress or result of an agency investigation," section 708(b)(17)(vi)(A) of the RTKL, 65 P.S. §67.708(b)(17)(vi)(A), thus negating the purpose of section 708(b)(17)(vi)(A) of the RTKL. We disagree.

Affidavits that are relevant and credible may provide sufficient evidence to prove an asserted exemption. *Heavens*, 65 A.3d at 1073. "'The affidavits must be detailed, nonconclusory, and submitted in good faith.'" *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013) (*en banc*) (citation omitted).

Here, Brown requested all reports filed by Physician under section 903(1) of the MCARE Act. Relying solely on Paul's affidavit, the Department argues that a report filed by a physician under section 903(1) of the MCARE Act is processed as a complaint that initiates an investigation and is used exclusively as part of that investigation. Thus, the Department argues that the filing of such a report necessarily institutes a noncriminal agency investigation. However, neither Paul's affidavit nor the Department's brief cites a Board regulation[5] or other authority

---

[5] Section 904(a) of the MCARE Act provides: "With regard to notices of complaints received pursuant to section 903(1) or a complaint filed with the licensure board, *the [Board] shall develop criteria and standards for review* based on the frequency and severity of complaints filed against a physician." 40 P.S. §1303.904(a) (emphasis added).

6

establishing that the filing of a report under section 903(1) of the MCARE Act automatically initiates a noncriminal agency investigation. Furthermore, Paul's only factual averments are that Physician is a licensed medical doctor and that the Board has not taken any disciplinary action against him. Paul's affidavit lacks sufficient detail and, thus, does not constitute sufficient evidence in support of the Department's burden. Therefore, we conclude that the Department failed to meet its burden of proving that the records that Brown requested are exempt under section 708(b)(17)(vi)(A) of the RTKL.[6]

       Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[6] Because we conclude that the Department failed to offer sufficient evidence that the exemption at section 708(b)(17)(vi)(A) of the RTKL applies here, we need not determine whether this exemption is, as a general rule, inapplicable to reports filed under section 903(1) of the MCARE Act.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| Department of State, | : | |
|---|---|---|
| | : | No. 130 C.D. 2015 |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Alton Brown, | : | |
| | : | |
| Respondent | : | |

O R D E R

AND NOW, this 7<u>th</u> day of <u>October</u>, 2015, we hereby affirm the January 7, 2015, final determination of the Office of Open Records.

_____
ROCHELLE S. FRIEDMAN, Senior Judge