# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Labor and Industry,     :
                                        :
            Petitioner               :
                                        :
          v.                     : No. 525 C.D. 2015
                                        : Submitted: November 6, 2015
Donna Tabor,                       :
                                        :
            Respondent       :

BEFORE:     HONORABLE DAN PELLEGRINI, President Judge[1]
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                     **FILED: March 31, 2016**

          The Department of Labor and Industry (Department) petitions for review of a final determination of the Office of Open Records (OOR) granting in part and denying in part Donna Tabor's (Requester) requests under the Right to Know Law[2] (RTKL) for records related to communications of an identified employee of the Department. For the reasons that follow, we reverse the rulings in the final determination that have been appealed to this Court.

          On October 20, 2014, Requester submitted two RTKL requests to the Department seeking (i) the "itemized cellphone bill for [an identified phone

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pelligrini assumed the status of senior judge.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

number] from January 1, 2014 to present or most recent" and (ii) "email records for [an identified email address] from January 1, 2014 to present." (OOR Final Determination at 2; Certified Record (R.) Item 1.)[3] After informing Requester that it required an additional 30 days to respond to the requests, on December 1, 2014 the Department denied both requests, stating that the requested records related to non-criminal investigations and were exempt from disclosure under Section 708(b)(17) of the RTKL, 65 P.S. § 67.708(b)(17). (R. Item 1, Dec. 1, 2014 Department Denial of Requests; R. Item 10, Oct. 27, 2014 Department Letter.) Requester filed a timely appeal of the denial of the requests to OOR, which consolidated the appeals under one docket number. (R. Item 1, Appeal; R. Item 5, Jan. 12, 2015 OOR Letter.)

In support of its denial of the requests, the Department submitted an affidavit from Jennifer Kreider, Labor Relations Coordinator for the Department. (R. Item 4.) In the affidavit, Kreider explained that the records sought by Requester were those of an employee in the Department's Internal Audits Division whose responsibilities included conducting investigations of unemployment compensation fraud and misuse. (*Id.* ¶3.) Kreider stated that the Department had located 225 pages of responsive documents which would be provided to Requester. (*Id.* ¶11.) However, Kreider stated that the remainder of the records was being withheld by the Department on the grounds that the records (i) relate to non-criminal investigations and are protected from disclosure under Section 708(b)(17); (ii) contain information that could be used to identify an unemployment compensation claimant, employer or employee, which has been rendered

---

[3] Only the first request seeking an itemized cell phone bill appears in the certified record. However, neither party contests the accuracy of the requests as stated in OOR's final determination.

2

confidential by Department regulations, *see* 34 Pa. Code § 61.25; (iii) contain information related to Department employee performance issues; (iv) contain personal telephone numbers and email addresses that are exempt from access; (v) contain information related to employee medical leave requests; (vi) contain communications between Department personnel and Department legal counsel that are protected by the attorney-client privilege; and (vii) contain information and notes that solely concern the identified employee's personal affairs and do not reflect the business or activities of the Department. (R. Item 4, Kreider Affidavit ¶¶4-10.)

On January 12, 2015, an Appeals Officer at OOR informed the Department by letter that it could not meet its burden of proof in demonstrating that records are exempt from disclosure under the RTKL and therefore requested that the Department provide a privilege log to aid OOR in determining whether the Department had satisfied its burden. (R. Item 6.) Counsel for the Department produced a privilege log on January 23, 2015, in which it identified the five email strings which were being withheld on the grounds that they contained privileged attorney-client communications, as well as more detailed information regarding the other documents being withheld, including 208 pages of the identified employee's non-work-related emails that were withheld under Section 708(b)(12) of the RTKL, 65 P.S. § 67.708(b)(12), relating to notes or working papers prepared for an employee's personal use. (R. Item 8.) Following receipt of the privilege log, OOR ordered the Department to provide six pages of emails related to medical leave requests for *in camera* review. (R. Item 11.)

The Appeals Officer issued the final determination on March 9, 2015, granting in part and denying in part Requester's appeal.[4] The Appeals Officer concluded that the Department had met its burden in showing that various of the requested records were exempt because they related to non-criminal investigations of fraud and misuse of unemployment compensation and that personal phone numbers and email addresses could be redacted from any record that was required to be produced. (OOR Final Determination at 5-7, 11.) The Appeals Officer further determined that the documents relating to medical leave requests submitted for *in camera* review were not responsive to the requests because they were outside the identified time frame in the requests. (*Id*. at 11-12.) However, the Appeals Officer rejected the Department's assertion of the attorney-client privilege over five email strings and concluded that 208 pages of emails relating to the identified employee's personal affairs were not exempt under either Section 708(b)(12) or on the basis that they are not "records" subject to disclosure under the RTKL. (*Id*. at 7-14.)

The Department filed the instant petition for review challenging OOR's determinations that the Department failed to meet its burden in showing that the attorney-client privilege did not protect documents from disclosure and that the identified employee's personal, non-work related emails were not records under the RTKL.[5] Requester did not appeal the determination by OOR that the Department was exempt from providing the requested records that relate to non-

---

[4] The Appeals Officer also dismissed as moot in part the Department's appeal because the Department had agreed to provide 225 pages of responsive records after its initial denial. (OOR Final Determination at 5.)

[5] Our scope of review under the RTKL is plenary, and our standard of review is *de novo*. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013). We may substitute our own findings of fact for that of the agency or rely upon the record created below. *Id*. at 468-70, 477.

4

criminal investigations or are rendered confidential by Department regulations and that the Department could redact personal email and telephone numbers from records that were required to be produced; therefore, these issues are not before this Court on appeal. Requester also did not file an appellate brief in this matter, and this Court accordingly entered an order on October 30, 2015 precluding Requester from participating in this appeal.

We first address the issue of whether the Department was justified in withholding the five email strings identified in the privilege log on the basis that they are protected from disclosure by the attorney-client privilege. Under the RTKL, records in the possession of an agency are presumed to be public unless they are (i) shown to fall within one of the exemptions in Section 708 of the RTKL, (ii) protected by a privilege, or (iii) exempt under another state or federal law or regulation or a judicial order or decree. Sections 102 and 305(a) of the RTKL, 65 P.S. §§ 67.102, 67.305(a); *Pennsylvania State Police v. McGill*, 83 A.3d 476, 479 (Pa. Cmwlth. 2014) (*en banc*). The attorney-client privilege, the privilege at issue in this case,[6] has been codified in Section 5928 of the Judicial Code and requires that "counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client." 42 Pa. C.S. § 5928; *see also* 42 Pa. C.S. § 5916 (pertaining to criminal matters). The privilege protects both attorney-to-client and client-to-attorney communications and extends to the agency setting where attorneys are working in their professional capacity. *Gillard v. AIG Insurance Co.*, 15 A.3d 44, 59 (Pa.

---

[6] In addition to the attorney-client privilege, the RTKL also recognizes the attorney work product doctrine, the doctor-patient privilege, the speech-and-debate privilege and any "other privilege recognized by a court interpreting the laws of this Commonwealth." 65 P.S. § 67.102.

2011); *Heavens v. Pennsylvania Department of Environmental Protection*, 65 A.3d 1069, 1076 (Pa. Cmwlth. 2013).

Where the agency asserts that a requested record is exempt from disclosure on the basis of privilege, the agency has the burden of proving that the privilege applies by a preponderance of the evidence. *McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 380 (Pa. Cmwlth. 2014); *Heavens*, 65 A.3d at 1074. "Testimonial affidavits found to be relevant and credible may provide sufficient evidence in support of a claimed exemption." *Heavens*, 65 A.3d at 1073. However, an affidavit that merely tracks the language of the exemption is insufficient; instead, the affidavit must be detailed, non-conclusory and submitted in good faith. *McGowan*, 103 A.3d at 381; *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103-1104 (Pa. Cmwlth. 2013) (*en banc*). "In addition, a privilege log, which typically lists the date, record type, author, recipients, and a description of the withheld record, can serve as sufficient evidence to establish an exemption, especially where the information in the log is bolstered with averments in an affidavit." *McGowan*, 103 A.3d at 381; *see also Heavens*, 65 A.3d at 1075-77.

Here, OOR concluded that the Kreider affidavit submitted by the Department was insufficient to substantiate the assertion of the privilege because the affidavit "merely parrots the elements of the attorney-client privilege."[7] (OOR

---

[7] Kreider attested in the affidavit that:

> Approximately 10 pages of records revealed communications between Department personnel and their legal counsel, wherein such personnel sought and received legal advice and representation. The records did indicate an intention to preserve, and not waive, attorney client privilege as to such communications. As such, those records are exempt as privileged and confidential attorney-client communications.

(R. Item 4, Kreider Affidavit ¶9.)

6

Final Determination at 13.) While the Appeals Officer had requested a privilege log in order to determine whether the Department had satisfied the elements of the privilege (R. Item 6), and the Department produced a privilege log which specifies the date, sender and recipients and subject matter of each allegedly privileged email (R. Item 8, Privilege Log ¶4), the Appeals Officer did not address in the final determination whether the Department's privilege log supports the assertion of privilege. The Department argues that the affidavit and privilege log together are sufficient to find that the five emails are protected by the attorney-client privilege and that the Appeals Officer erred by ignoring the privilege log and not accepting the Department's offer to submit the documents for *in camera* review. The Department further contends that the evidence necessary to support an assertion of the attorney-client privilege necessarily must be circumspect in order to not reveal the contents of the privileged communications and therefore the requirement that affidavits contain detailed information should be relaxed as it pertains to the claim of privileges.

Based upon our review of the record, we agree with the Department that OOR erred by ordering the Department to produce the five purportedly privileged emails but for different reasons than those argued by the Department in this appeal. As the Appeals Officer observed in the final determination, Requester sought email records for the period from "January 1, 2014 to present" and the date of the request was October 20, 2014; the Appeals Officer therefore ruled that the documents pertaining to medical leave requests, which had been submitted for *in camera* review and which postdated the request, were not responsive to the request. (OOR Final Determination at 12.) The privilege log states that each of the five emails was dated November 6, 2014, more than two weeks *after* the date of the request of October 20, 2014. Accordingly, we conclude that like the medical

7

leave request documents, the five emails claimed to be protected by the attorney-client privilege are not from within the time period of records sought by Requester and therefore are not responsive to the requests.[8]

The Department also challenges the determination by OOR that 208 pages of emails related to the identified employee's personal affairs may not be withheld from disclosure. The Department asserted two grounds for withholding these documents. First, Kreider stated in her affidavit that the requested documents do not document a "transaction or activity" of the Department. (R. Item 4, Kreider Affidavit ¶10); *see also* 65 P.S. §§ 67.102 (defining a "record" as "[i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency"). The Appeals Officer rejected this argument in the final determination, concluding that the Kreider affidavit was conclusory on this issue and that the Department had therefore not met its burden of proof in establishing that these documents are not public records subject to disclosure under the RTKL. (OOR Final Determination at 9-11.) Second, the Department stated in the privilege log that the 208 pages of emails include the identified employee's "personal notes, such as email 'spam,' advertisements not related to Commonwealth activities, communications with family members or friends, bills/invoices which do not relate to Commonwealth activities, and personal invitations" and that these documents are exempt from access pursuant to Section 708(b)(12). (R. Item 8, Privilege Log ¶2.) The Appeals Officer found that the documents did not fall within the Section 708(b)(12) exemption because the privilege log did not show that they were

---

[8] Though the Department did not address the issue of the responsive time period of the requests in its appeal, OOR raised the issue *sua sponte* in the final determination.

8

documents used by the identified employee to carry out his public responsibilities. (OOR Final Determination at 7-9.)

Upon review, we agree with OOR that the 208 pages of emails are not protected by Section 708(b)(12). Section 708(b)(12) provides that "[n]otes and working papers prepared by or for a public official or agency employee used solely for that official's or employee's own personal use, including telephone message slips, routing slips and other materials that do not have an official purpose" are exempt from access. 65 P.S. § 67.708(b)(12). As we have made clear, the use of the term "personal" in this provision "does not mean that it has to involve a public official's personal affairs," but instead that "it covers those documents necessary for that official that are 'personal' to that official in carrying out his public responsibilities." *City of Philadelphia v. Philadelphia Inquirer*, 52 A.3d 456, 461 (Pa. Cmwlth. 2012) (*en banc*); *see also Glunk v. Department of State*, 102 A.3d 605, 614 (Pa. Cmwlth. 2014). The Department here unambiguously asserted that the documents are not related to the identified employee's public work responsibilities and that they instead concern only his personal affairs. Accordingly, the 208 pages of emails cannot fall within the Section 708(b)(12) exemption.

However, we conclude that OOR erred in finding that the documents are public records subject to production under the RTKL. As this Court has explained, "[i]n making a determination that the information sought is a 'public record,' a requestor must establish that the information sought falls within the definition of a 'record' of the agency as defined in Section 102 of the RTKL." *Pennsylvania Office of Attorney General v. Philadelphia Inquirer*, 127 A.3d 57, 60 (Pa. Cmwlth. 2015) (*en banc*); *see also Philadelphia Public School Notebook v. School District of Philadelphia*, 49 A.3d 445, 450 (Pa. Cmwlth. 2012). Section

102 of the RTKL defines a "record" as "[i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency." 65 P.S. § 67.102. This definition requires a consideration of two factors: first, the information must "document a transaction or activity of an agency," and, second, it must have been "created, received or retained" in connection with the activity of an agency. *Barkleyville Borough v. Stearns*, 35 A.3d 91, 95 (Pa. Cmwlth. 2012); *Office of Governor v. Bari*, 20 A.3d 634, 640 (Pa. Cmwlth. 2011).

"Only 'records' that meet the definition in Section 102 that are in an agency's possession are presumed public." *Meguerian v. Office of Attorney General*, 86 A.3d 924, 931 (Pa. Cmwlth. 2013); *see also* 65 P.S. § 67.102 (defining a "public record" as "a record...of a Commonwealth or local agency" that is not exempt under Section 708, protected from disclosure by a federal or state law or regulation or protected by a privilege); 65 P.S. § 67.305(a) ("A record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record."). The burden of proof on an agency to show that information is exempt from public access only applies to a "record" of that agency. *Cf.* 65 P.S. § 67.708(a)(1) ("The burden of proving that a *record* of a Commonwealth agency or local agency is exempt from public access shall be on the Commonwealth agency or local agency receiving a request by a preponderance of the evidence.") (emphasis added).

In this matter, the Kreider affidavit stated that the requests for all of the identified employee's emails from January 1, 2014 to present would include "information and notes which related only to the employee's personal matters, such as communications that did not document a transaction or activity of the

10

Department's business." (R. Item 4, Kreider Affidavit ¶10.) This statement that the emails at issue do not relate to a transaction or activity of the Department was sufficient to place the burden on Requester to show that the documents requested were in fact public records that were subject to disclosure under the RTKL.[9] However, Requester has not participated in any meaningful way in this matter aside from making the initial requests and filing an appeal of the Department's denial of the requests in which she stated that the records relate to the non-criminal investigation exemption of Section 708(b)(17).

The fact that the emails of the identified employee were sent or received from a public email address does not change our analysis. To determine whether a document is a record within the meaning of the RTKL, a court must look to the subject matter of the document and whether it relates to a "transaction or activity of an agency"; the fact that a document is sent or received using an agency email address, stored on an agency computer or located in an agency file is irrelevant. *Philadelphia Inquirer*, 127 A.3d at 61-62, 64 (holding that emails containing pornographic material sent to or from agency email addresses did not "document a transaction or activity" of that agency and thus were not records under the RTKL); *Meguerian*, 86 A.3d at 930-931 (holding that emails sent

---

[9] The Appeals Officer based her decision that the Department had failed to satisfy its burden of proof in showing that the emails were not public records on the fact that the Kreider affidavit was conclusory. However, this holding was in error. The requirement that an agency's non-disclosure of a requested document be supported by detailed, non-conclusory affidavit applies to an assertion of a Section 708(b) exemption, a privilege or an exemption under a state or federal law or regulation; this requirement does not apply to the threshold determination of whether a document is a record subject to the RTKL. *Cf*. 65 P.S. § 67.305(a); *McGowan*, 103 A.3d at 381 (holding that affidavits must be detailed, non-conclusory and submitted in good faith to provide sufficient evidence to support a finding that a record falls within an enumerated exemption of Section 708(b) or contains privileged material); *Scolforo*, 65 A.3d at 1103-04 (holding that a generic and non-specific affidavit is insufficient by itself for OOR and the courts to determine whether a record falls under an enumerated exemption).

through an agency's email domain that do not pertain to that agency's business but instead to the employee's prior agency employer are not records under the RTKL); *compare Mollick v. Township of Worcester*, 32 A.3d 859, 872-76 (Pa. Cmwlth. 2011) (holding that emails sent between local agency employees sent from personal addresses on personal computers and on personal time were nevertheless records under the RTKL because they documented a transaction or activity of the agency). Though the 208 pages of emails were sent or received on the identified employee's agency email address, there was no evidence before OOR that the emails pertain in any way to a transaction or activity of the Department and therefore these emails were not public records subject to disclosure under the RTKL.

Accordingly, we reverse the determination by OOR that required disclosure of the five emails that contain allegedly privileged communications and the 208 pages of emails that do not document a transaction or activity of the Department.

_____
JAMES GARDNER COLINS, Senior Judge

Judge McCullough concurs in the result only.

12

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Department of Labor and Industry, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 525 C.D. 2015 |
| | : | |
| Donna Tabor, | : | |
| | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 31st day of March, 2016, the final determination of the Office of Open Records in the above-captioned matter is REVERSED insofar as it ordered the Department of Labor and Industry to produce any records responsive to the requests submitted by Respondent and AFFIRMED in all other respects.

_____
JAMES GARDNER COLINS, Senior Judge