IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vista Health Plan, Inc.,     :
           :
       Petitioner :
           :
     v.      : No. 660 C.D. 2017
           : Argued: April 10, 2018
Department of Human Services,  :
           :
      Respondent :


BEFORE:  HONORABLE ANNE E. COVEY, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK         FILED: May 31, 2018


    Vista Health Plan, Inc.[1] (Vista) petitions for review from a final determination of the Pennsylvania Office of Open Records (OOR), which denied in part and dismissed as moot in part Vista's appeal from the Commonwealth of Pennsylvania, Department of Human Services' (DHS) denial of its request under the Right-to-Know Law (RTKL).[2]  Vista contends that OOR erred or abused its discretion by accepting DHS's narrow interpretation of its request for records and by ruling the records were exempt under the evaluation committee exemption under Section 708(b)(26) of the RTKL, 65 P.S. §67.708(b)(26), without the aid of an exemption log or *in camera* review.  Upon review, we affirm in part and vacate in

---

[1] Vista filed this appeal on behalf of itself and its affiliate subcontractors AmeriHealth Caritas Health Plan and Keystone Family Health Plan.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

part and remand to OOR to reconsider the applicability of DHS's proffered exemption after requiring an exemption log for the records withheld.

## I. Background

This matter stems from a request for proposal (RFP) conducted by DHS, pursuant to Section 513 of the Commonwealth Procurement Code (Procurement Code),[3] known as Original RFP No. 06-15 and Reissued RFP No. 06-15 relating to the Physical HealthChoices Program.[4] Vista was one of eleven offerors that submitted a proposal. Initially, DHS selected Vista as an offeror in all five zones on the Original RFP, which DHS later withdrew. On the Reissued RFP, DHS selected Vista as an offeror in only three of the five zones. Vista protested its nonselection.

In an effort to obtain records relevant to its bid protest, on January 12, 2017, Vista submitted an RTKL request for records relating to the Original and Reissued RFP and its nonselection in certain zones (Request). Specifically, Vista requested:

1.  All records related to the Original RFP after the selection decisions were issued on or about April 27, 2016, through to the withdrawal of the Original RFP on or about July 21, 2016;

2.  All bid protests and any records, including but not limited to any DHS correspondence, related to bid protests to the selection decisions under the Original RFP;

---

[3] Section 513 of the Procurement Code governs competitive sealed proposals. 62 Pa. C.S. §513.

[4] This matter and the matters listed at Nos. 348 C.D. 2017, 543 C.D. 2017 and 824 C.D. 2017 all stem from RTKL requests seeking documents in connection with Original and/or Reissued RFP No. 06-15. These cases were argued seriately before the panel.

2

3. All records related to the Reissued RFP after the selection decisions were issued on or about November 18, 2016, through to the withdrawal of the selection decisions on or about December 15, 2016;

4. All records related to the Reissued RFP after the second selection decisions were issued on or about December 22, 2016, through to the present;

5. All correspondence, communications, or other records evidencing correspondence or communications by or between DHS, [Department of General Services (DGS)], any evaluation committee, or any Commonwealth employee related to the Original RFP after the selection decisions were issued on or about April 27, 2016, through to the withdrawal of the Original RFP on or about July 21, 2016;

6. All correspondence, communications, or other records evidencing correspondence or communications by or between DHS, DGS, any evaluation committee, or any Commonwealth employee related to the Reissued RFP after the selection decisions were issued on or about November 18, 2016, through to the withdrawal of the selection decisions on or about December 15, 2016;

7. All correspondence, communications, or other records evidencing correspondence or communications by or between DHS, DGS, any evaluation committee, or any Commonwealth employee related to the Reissued RFP after the second selection decisions were issued on or about December 22, 2016, through to the present;

8. All correspondence, communications, or other records evidencing correspondence or communications by or between DHS, DGS, any evaluation committee, or any Commonwealth employee and any offeror concerning the evaluation and scoring of the Original RFP;

9. All correspondence, communications, or other records evidencing correspondence or communications by or between DHS, DGS, any evaluation committee, or any Commonwealth employee and any offeror concerning the evaluation and scoring of the Reissued RFP;

10. All records reflecting communications between or among DHS, DGS, any evaluation committee, or any Commonwealth employee, and any individual, group, agent, representative, or entity acting on behalf of any offeror related to the Original RFP;

11. All records reflecting communications between or among DHS, DGS, any evaluation committee, or any Commonwealth employee, and any individual, group, agent, representative, or entity acting on behalf of any offeror related to the Reissued RFP;

12. All records reflecting communications between or among DHS, DGS, any evaluation committee, or any Commonwealth employee, and any individual acting on behalf of any offeror related to Addendum #1 to the Reissued RFP, including but not limited to [Aetna Better Health Plan of Pennsylvania, Inc. (Aetna)];

13. All records reflecting communications, including but not limited to any email dated July 29, 2016, between Deputy Chief Counsel Kathleen A. Grogan and any representative of, including counsel for, Aetna, related to the Original and/or Reissued RFP and the issuance of Addendum #1;

14. All records considered by Secretary [of DHS, Theodore] Dallas or other employees of DHS in deciding to rescind the Original RFP;

15. All records considered by Secretary Dallas or other employees of DHS in deciding to rescind the notices of selection for the Reissued RFP issued on or about November 18, 2016;

16. All records related to the issuance of awards and notification of selected offerors for the Original RFP, including but not limited to, correspondence, announcements, selection memos, press releases, and similar records;

17. All records related to the issuance of awards and notification of selected offerors for the Reissued RFP on or about November 18, 2016, including but not limited to,

4

correspondence, announcements, selection memos, press releases, and similar records;

18. All records related to the issuance of awards and notification of selected offerors for the Reissued RFP on or about December 22, 2016, including but not limited to, correspondence, announcements, selection memos, press releases, and similar records;

19. All records related to the decision of DHS not to select Vista Caritas for contract negotiations under the Reissued RFP in the Northeast and Lehigh/Capital zones after November 18, 2016, through to the withdrawal of the selection decisions on or about December 15, 2016;

20. All records, including correspondence, received or produced by DHS and any evaluation committee(s) regarding the Original RFP;

21. All records, including correspondence, received or produced by DHS and any evaluation committee(s) regarding the Reissued RFP;

22. All records, including memoranda, produced by DHS or any evaluation committee(s) regarding the Original RFP;

23. All records, including memoranda, produced by DHS or any evaluation committee(s) regarding the Reissued RFP; and/or

24. All records sent by DHS to any bidder in response to any [RTKL] request filed by a bidder related to the Original RFP or the Reissued RFP.

Reproduced Record (R.R.) at 3a-5a.

DHS partially granted and partially denied the Request. DHS interpreted Item Nos. 1, 3 and 4 as seeking only "the selection letters, non-selection letters, and recommendation memorandum," and interpreted Item No. 19 as seeking "non-selection letters." R.R. at 14a-16a, 23a. DHS provided Vista with approximately 576 responsive records, after redacting personal identification

5

information pursuant to Section 708(b)(6)(i)(A) of the RTKL, 65 P.S. §67.708(b)(6)(i)(A). DHS partially denied the Request by withholding or redacting records responsive to Item Nos. 1-7, 10-12, 14, 15, and 19-24, on the basis that the records are records of DHS's proposal evaluation committee, Section 708(b)(26) of the RTKL, 65 P.S. §67.708(b)(26), and records that reflect DHS's internal, predecisional deliberations, Section 708(b)(10)(i)(A) of the RTKL, 65 P.S. §67.708(b)(10)(i)(A). DHS denied Items 8 and 9 of the Request, arguing that, in addition to the above-cited exemptions, the responsive records are protected by the attorney-client privilege and the attorney-work-product doctrine, Section 102 of the RTKL, 65 P.S. §67.102. DHS also denied Item No. 13 of the Request, asserting that, in addition to being protected by the attorney-client privilege and the attorney-work-product doctrine, the responsive records contain confidential proprietary information, Section 708(b)(11) of the RTKL, 65 P.S. §67.708(b)(11).

Vista appealed to OOR. Vista contested the grounds asserted for exemption and challenged DHS's narrow interpretation of its Request as unreasonable.[5]

OOR invited the parties to supplement the record and directed DHS to notify any third parties of their ability to participate in this appeal. Both parties submitted position statements. DHS submitted the affidavits of Erin Slabonik, DHS Division Director of Managed Care (Slabonik Affidavit); Barry Bowman, DHS Managed Care Operations Chief (Bowman Affidavit); Andrea Bankes, DHS Open

---

[5] Vista did not appeal DHS's redaction of personal identification information, the denial of access to the proposals of other offerors either in response to the Original RFP or Reissued RFP, or the denial of access to the scoring records prepared by individual members of the evaluation committee. R.R. at 37a. It does challenge the denial of access to the combined raw scoring records of the committee and other records withheld under the evaluation committee records exemption. R.R. at 37a.

6

Records Officer (Bankes Affidavit); and Kathleen A. Grogan, DHS Deputy Chief Counsel (Grogan Affidavit). OOR also permitted offerors that submitted bids to participate and submit position papers. Those that participated argued that the RTKL protected the requested records related to their proposals from disclosure under multiple exemptions, including the procurement exemption under Section 708(b)(26) of the RTKL, and the trade secret or confidential proprietary information exemption under Section 708(b)(11) of the RTKL, and presented affidavits in support.

On April 24, 2017, OOR issued its final determination. OOR denied Vista's appeal and upheld DHS's asserted exemptions. OOR concluded that DHS identified all responsive records to the Request. To the extent responsive records have been provided, OOR dismissed the appeal as moot. OOR found that DHS's interpretation of the Request was reasonable. DHS demonstrated that certain records or portions of records are exempt from disclosure pursuant to the evaluation committee exemption under Section 708(b)(26) of the RTKL and that certain records are confidential pursuant to the attorney-work-product doctrine. In reaching its decision, OOR considered and relied upon DHS's affidavits.

Vista petitioned for review. This Court granted intervention to offerors that participated in OOR proceedings, namely: Aetna, Geisinger Health Plan, Inc., and Health Partners Plans, Inc., (collectively, Intervenors).[6]

---

[6] Intervenors chose not to file briefs because Vista did not challenge the denial of access to the proposals of other offerors either in response to the Original RFP or Reissued RFP.

## II. Issues

On appeal, Vista contends that OOR erred by accepting DHS's unreasonably narrow interpretation of its request for "all records" as relating to a request for evaluation committee records.[7] In addition, Vista asserts that OOR erred by not requiring DHS to produce an index of records withheld under the evaluation committee exemption of Section 708(b)(26) of the RTKL.[8]

## III. Discussion
### A. Interpretation of the Request

First, Vista asserts that DHS adopted an unreasonably narrow interpretation of its Request for records relating to the procurement process by restricting its interpretation solely to records of the evaluation committee established under Section 513 of the Procurement Code, 62 Pa. C.S. §513. Specifically, DHS interpreted Item Nos. 1, 3, and 4 as seeking only "the selection letters, non-selection letters, and recommendation memorandum," and interpreted Item No. 19 as merely seeking "the non-selection letters." R.R. at 14a-16a, 23a. DHS also treated Item Nos. 20, 21, 22, and 23 as being entirely subsumed within Item Nos. 1, 3, 4, 6, and 7. According to Vista, DHS's interpretation is unreasonable because Item Nos. 20, 21, 22, and 23 do not contain the time limitation specified in Item Nos. 1, 3, 4, 6, and 7. Vista asserts that DHS's narrow interpretation enabled DHS to withhold all documents based on the exemption stated in Section 708(b)(26) of the RTKL and

---

[7] This Court exercises plenary, *de novo* review of OOR's determination in this matter. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[8] In its petition for review and brief, Vista also raised the issue of whether agency records are entitled to protection under the attorney-work-product privilege where the evidence presented to the OOR demonstrated that the records were exchanged between agency counsel and an attorney adverse to the agency. However, at argument, Vista orally withdrew this issue conceding that DHS presented a valid basis for exemption.

8

not search for other responsive documents. By way of example, after the submission of its Request, Vista learned that a meeting relating to the Reissued RFP took place on December 19, 2016, between representatives of DHS and the Centene Corporation, the parent corporation of Pennsylvania Health & Wellness, Inc., one of the offerors that responded to the Reissued RFP. However, DHS produced no documents relating to this meeting despite the fact that such a record would have been covered by Item Nos. 9, 11, 21, and 23 of the Request. After OOR's decision, Vista submitted a second request focusing on records pertaining to this meeting and received previously undisclosed scheduling notices for the meeting. In light of this discovery, Vista believes there may be other documents relating to this meeting that DHS has not produced. According to Vista, this illustrates the unreasonableness of DHS's interpretation.

Under the RTKL, information is only subject to disclosure if it is a "public record." Section 301(a) of the RTKL, 65 P.S. §67.301(a). Records in possession of a Commonwealth agency are presumed to be public unless they are: (1) exempt under Section 708 of the RTKL; (2) "protected by a privilege"; or (3) exempt under any other Federal or State law or regulation or judicial order or decree. Section 305(a) of the RTKL, 65 P.S. §67.305(a).

The first step in determining whether an exemption under Section 708(b) applies is to compare the RTKL request with the language of the asserted exemption. *Heavens v. Department of Environmental Protection*, 65 A.3d 1069, 1075 (Pa. Cmwlth. 2013). "A written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested . . . ." Section 703 of the RTKL, 65 P.S. §67.703. To determine whether a request is sufficiently specific, courts examine:

9

(1) the subject matter of the request; (2) the scope of the documents sought; and (3) the timeframe for the records sought. While this test is a flexible one, the requirement that a requester identify the subject matter of a request necessitates that a requester "identify the transaction or activity of the agency for which the record is sought." In addition, the requirement that a requester identify the scope of the documents sought necessitates that a requester "identify a discrete group of documents either by type . . . or recipient." Finally, although the timeframe element of the "sufficiently specific" test is the most fluid when evaluating a requester's request, the request should identify "a finite period of time for which records are sought."

*Office of the District Attorney of Philadelphia v. Bagwell*, 155 A.3d 1119, 1143 (Pa. Cmwlth.), *appeal denied*, 174 A.3d 560 (Pa. 2017) (citations omitted) (*Bagwell IV*); *see Askew v. Pennsylvania Office of the Governor*, 65 A.3d 989, 992 (Pa. Cmwlth. 2013). Although an agency may interpret the meaning of a request for records, that interpretation must be reasonable and construed within the context of the request. *See Pennsylvania Department of Conservation and Natural Resources v. Vitali* (Pa. Cmwlth., No. 1013 C.D. 2014, filed July 9, 2015), slip op. at 10;[9] *see, e.g.*, *Spatz v. City of Reading* (OOR, Dkt. No. AP 2013-0867, filed July 1, 2013); *Signature Information Solutions, Inc. v. City of Warren* (OOR, Dkt. No. AP 2012-0433, filed April 20, 2012).[10]

An agency bears the burden of proving, by a preponderance of the evidence, that a record is protected from disclosure under one of the enumerated exemptions or contains privileged material. Section 708(a)(1) of the RTKL,

---

[9] Section 414 of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code §69.414.

[10] Decisions of administrative boards or tribunals have no precedential value on this Court. *Scott v. Delaware Valley Regional Planning Commission*, 56 A.3d 40, 44 (Pa. Cmwlth. 2012).

65 P.S. §67.708(a)(1); *Bagwell IV*, 155 A.3d at 1130; *McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 380 (Pa. Cmwlth. 2014). A preponderance of the evidence is a finding "that the existence of a contested fact is more probable than its nonexistence." *Pennsylvania State Troopers Association v. Scolforo*, 18 A.3d 435, 439 (Pa. Cmwlth. 2011) (internal quotation marks omitted).

An agency may present sufficient evidence by the submission of affidavits. *Bagwell IV*, 155 A.3d at 1120; *McGowan*, 103 A.3d at 381; *Heavens*, 65 A.3d at 1073.

> Affidavits are the means through which a governmental agency . . . justifies nondisclosure of the requested documents under each exemption upon which it relied . . . . The affidavits must be detailed, nonconclusory, and submitted in good faith . . . . Absent evidence of bad faith, the veracity of an agency's submissions explaining reasons for nondisclosure should not be questioned.

*McGowan*, 103 A.3d at 381 (quoting *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013) (citation omitted) (*Scolforo*)). However, conclusory affidavits, standing alone, will not satisfy an agency's burden of proof under the RTKL. *Id.* Moreover, the affidavit must be specific enough to permit OOR or a reviewing court to ascertain whether the claimed exemption applies to the records requested. *Id.*

Here, Vista's Request, Item Nos. 1, 3, 4, and 19, sought "all records" related to the Original and Reissued RFP and nonselection of Vista within certain timeframes. DHS interpreted Item Nos. 1, 3 and 4 as seeking "the selection letters, non-selection letters, and recommendation memorandum," and interpreted Item No.

11

19 as seeking "the non-selection letters." R.R. at 14a -16a, 23a. DHS presented affidavits in support. R.R. at 57a-72a.

Slabonik and Bowman attested that they responded to and interpreted Vista's Request as seeking documents that would be included as part of the offerors' proposals, scoring and evaluation sheets used by the evaluation committee, correspondence, announcements, selection memorandum, news releases, and similar documents related to the rescoring but not evaluation documents. R.R. at 61a-62a, 67a-68a. Bankes attested that "all responsive documents were gathered and placed in an electronic folder." R.R. at 57a. DHS provided approximately 576 responsive documents. Bankes categorized the documents withheld as follows:

> a. Proposal documents, pursuant to 65 P.S. §67.708(b)(26), which [Vista] does not appeal;
>
> b. Evaluation [c]ommittee records, pursuant to 65 P.S. §67.708(b)(26), which [Vista] does not appeal; and
>
> c. Three emails under the attorney-work product doctrine, pursuant to 65 P.S. §67.102 (definition of "privilege").

R.R. at 57a-58a.

As for Item Nos. 20, 21, 22, and 23, DHS responded that it provided Vista "with all the responsive documents to this part of [the] [R]equest in response to" other portions of the Request, namely Item Nos. 1, 3, 4, 6, and 7. R.R. at 23a-24a. Although Item Nos. 1, 3, 4, 6, and 7 were more specific in that they contained date restrictions, DHS did not identify responsive records beyond the specified timeframe. *See id.*

Vista's assertion that DHS's interpretation "allowed DHS to limit its response to the Request to address only records of the evaluation committees established under Section 513 of the Procurement Code . . . and to claim that such

records were exempt under 65 P.S. §67.708(b)(26)" is directly contradictory to the evidence submitted and the breadth of the approximately 576 documents produced. According to Vista's own description, DHS's search uncovered more than just records of the evaluation committee. Vista classified the documents produced in response to its Request as:

- Documents evidencing official actions taken by [DHS] in connection with the RFPs, including notices of selection, notices of rescission of selection, cancellation of the Original RFP and Recommendation Memoranda;

- Requests for debriefing by various offerors and [DHS]'s responses thereto;

- [RTKL] requests filed by various offerors and [DHS]'s responses;

- Protests to the Original RFP and Reissued RFPs filed by various offerors, together with exhibits thereto and responses of [DHS] and other offerors;

- Emails between employees of [DHS] and various offerors evidencing transmittal of documents and discussion of issues related to the solicitation and award process, including clarification of proposals and administration of the protests[.]

Petitioner's Brief at 10.

Although Vista cites to an instance where DHS failed to include one responsive record of the approximately 576 documents provided, such does not evidence a wholesale failure to conduct a search. To the extent Vista claims that DHS's search failed to provide records pertaining to a December 19, 2016, meeting, which Vista acquired in a second RTKL request after OOR rendered its final decision, such after-discovered evidence is not properly before us. Notwithstanding, Vista does not argue that the omission of responsive documents constituted bad faith.

13

*See* Petitioner's Brief at 19 n.4; Petitioner's Reply Brief at 3. Absent bad faith, the veracity of an agency's submission should not be questioned. *See McGowan*, 103 A.3d at 381. The possible existence of other responsive records does not render DHS's interpretation of the Request unreasonable or mean that DHS failed to conduct an extensive search. Upon review, DHS provided sufficient evidence regarding the reasonableness of its interpretation of the items requested and provided responsive documents based on that interpretation.[11]

### B. Exemption Log

Next, Vista argues that OOR erred or abused its discretion by not requiring DHS to produce an index of potentially responsive documents. OOR should not have accepted Bankes' attestation that all responsive documents were produced in lieu of requiring an index of records searched. Such information would have revealed the scope of the search and whether it was fully compliant with the Request. Without an index, Vista cannot ascertain whether any responsive records were omitted, and this Court cannot determine whether the claimed exemption applies to all records withheld. On this basis, Vista argues that an index is necessary.

In addition to affidavits, an agency may justify its exemptions with an item-by-item indexing system, commonly referred to as a privilege or exemption log.[12] *McGowan*, 103 A.3d at 381; *Heavens*, 65 A.3d at 1075-77. Such a log

---

[11] We remind Vista and other requesters to make their requests as specific as possible. *See* Section 703 of the RTKL, 65 P.S. §67.703; *Bagwell IV*, 155 A.3d at 1143; *Askew*, 65 A.3d at 992. The more specific the request, the less open it is to interpretation.

[12] Although the terms are used interchangeably, a "privilege log" applies when a privilege is asserted; an "exemption log" applies when an exemption is asserted. *See McGowan*, 103 A.3d at 378; *see also In re Thirty-Third Statewide Investigating Grand Jury*, 86 A.3d 204, 207 n.2 (Pa. 2014) (recognizing that the term "privilege log" pertained to the attorney-client privilege and the

"typically lists the date, record type, author, recipients, and a description of the withheld record . . . ." *McGowan*, 103 A.3d at 381. A log "can serve as sufficient evidence to establish an exemption, especially where the information in the log is bolstered with averments in an affidavit." *Id.*; *see Heavens*, 65 A.3d at 1075. "An index, even one containing minimal description, offers a tool for a fact-finder reviewing corresponding records." *Office of the Governor v. Davis*, 122 A.3d 1185, 1194 (Pa. Cmwlth. 2015).

In *Bowling v. Office of Open Records*, 990 A.2d 813, 825 nn.12-13 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013), this Court recognized the utility of "an item-by-item indexing system which correlates to a specific . . . exemption," but cautioned that "a satisfactory index could undermine the exemption and, in those cases, agencies may proffer generic determinations for nondisclosure." In such cases, agencies may "justify their exemptions on a . . . category-of-document basis." *Bowling*, 990 A.2d at 825 n.13. Under the category-of-document methodology, the classification must enable a court to determine how each category of documents, if disclosed, would interfere with the agency's duty not to disclose exempt public records. *Id.* However, "[i]t is not enough to include . . . *a list of subjects*" to which an exemption may have related. *Scolforo*, 65 A.3d at 1104 (emphasis added). An affidavit must be specific enough to permit OOR or this Court to evaluate the exemptions as they apply to *particular documents*. *Id.*

OOR has the authority to request production of an exemption log and to conduct *in camera* review of documents where an exemption or privilege has been

___

work-product exemption under Rule 573(G) of the Pennsylvania Rules of Criminal Procedure, Pa. R. Crim. P. 573(G)). This indexing system has also been referred to as a "*Vaughn* index," based on recognition of the approach in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). *See Scolforo*, 65 A.3d at 1104 n.13.

asserted. *Office of Open Records v. Center Township*, 95 A.3d 354, 369-70 (Pa. Cmwlth. 2014). "Records reviewed *in camera* may serve as a sufficient basis for a fact-finder to assess whether an exemption applies." *Davis*, 122 A.3d at 1194. However, where an agency sufficiently explains the basis for nondisclosure through an affidavit, a log is not necessary. *See Chambersburg Area School District v. Dorsey*, 97 A.3d 1281, 1289 (Pa. Cmwlth. 2014).

In *Pennsylvania Department of Education v. Bagwell*, 131 A.3d 638 (Pa. Cmwlth. 2016) *(Bagwell III)*, we considered the sufficiency of affidavits to establish the attorney-work-product privilege. There, the Pennsylvania Department of Education (Department) appealed a final determination of OOR that directed the disclosure of certain emails pursuant to the RTKL. In support, the Department presented affidavits regarding the content of the requested documents, arguing that the documents were protected by the attorney-work-product doctrine. However, the Department did not submit an exemption log. We found the Department's affidavits to be "conclusory and vague" because they did not "*describe the records with any particularity* as to how the privilege supports non-disclosure or redaction . . . of allegedly responsive records." *Id.* at 658 (emphasis added). "As a result, neither OOR nor this Court had sufficient information to evaluate the exemptions." *Id.* (citing *Davis*, 122 A.3d at 1194).

Here, Vista requested all documents related to the procurement process, including proposal documents, evaluation records, DHS correspondence and communications, and other records related to the Original and Reissued RFPs. DHS withheld responsive documents based on the exemption stated in Section 708(b)(26) of the RTKL, which provides:

Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:

* * *

(26) A proposal pertaining to agency procurement or disposal of supplies, services or construction *prior to* the award of the contract or prior to the opening and rejection of all bids; financial information of a bidder or offeror requested in an invitation for bid or request for proposals to demonstrate the bidder's or offeror's economic capability; *or the identity of members, notes and other records of agency proposal evaluation committees established under 62 Pa. C.S. §513 (relating to competitive sealed proposals).*

65 P.S. §67.708(b)(26) (emphasis added).

In support, DHS presented evidence in the form of affidavits. The Bankes Affidavit states that all responsive documents to the Request were gathered. R.R. at 57a. DHS withheld documents for the following grounds: Proposal and evaluation committee records pursuant to Section 708(b)(26) of the RTKL, and three emails under the attorney-work-product doctrine, Section 102 of the RTKL. R.R. at 58a.

On appeal, Vista focuses on the withholding of the evaluation committee records. With regard to these records, the Slabonik and Bowman Affidavits describe the evaluation process, how the evaluation committee evaluated the offerors, how DHS selected offerors for contract negotiations, and how DHS interpreted and responded to the Request. R.R. at 62a-63a, 68a-69a. "[T]he documents pertaining to the evaluation committee contain [e]valuation [c]ommittee members' notes that are used solely for that individual member's use in evaluating the offerors' proposals." R.R. at 62a, 68a. The Affidavits attest that "[t]he [e]valuation [c]ommittee materials and member names are to remain confidential in

17

order to shield the internal procurement process against external threats to its integrity in order for the evaluators to freely express their opinions." R.R. at 63a, 69a. The responsive records include "offerors' proposals and documents that would include the scoring and evaluation sheets, used by the [e]valuation [c]ommittee in evaluating the technical submittals of the offerors' proposals . . . ." R.R. at 61a, 67a. The Affidavits then conclude that the evaluation records are exempt pursuant to Section 708(b)(26) of the RTKL. R.R. at 64a, 70a. OOR determined that the Affidavits constituted sufficient evidence justifying nondisclosure as records of an evaluation committee under the Section 708(b)(26), and it did not request the production of an exemption log or review of the documents *in camera*.

However, upon review, the Affidavits primarily describe the general subject matter of the documents requested, *i.e.*, evaluation committee records. Although the Slabonik and Bowman Affidavits refer to certain categories of evaluation committee records in their Affidavits, such as scoring and evaluation sheets, R.R. at 62a, 68a, which are clearly exempt, they do not sufficiently describe or identify other types or categories of evaluation documents responsive to the Request. Without a description of the particular documents withheld, other than DHS's general description that the records constitute evaluation committee records, this Court is unable to assess whether *all* records responsive to the Request qualify for exemption and nonproduction on the basis of Section 708(b)(26) of the RTKL. Thus, we find it necessary to vacate this portion of the final determination and remand to OOR to reconsider the applicability of DHS's proffered exemption under Section 708(b)(26) of the RTKL after requiring an exemption log.[13]

---

[13] DHS stated that it is willing to provide to Vista an exemption log of all responsive records that DHS withheld. Respondent's Brief at 20 n.5.

18

## IV. Conclusion

Based on the foregoing, we affirm in part, and vacate and remand in part. Specifically, we affirm OOR's final determination that DHS's interpretation of the Request was reasonable. However, because DHS's Affidavits, standing alone, are not sufficient to support the asserted exemptions, we find it necessary to vacate and remand for the production of an exemption log of the actual records withheld. On remand, OOR shall reconsider the applicability of DHS's proffered exemption under Section 708(b)(26) of the RTKL after review of the exemption log and issue a new determination as to whether the responsive records are protected from disclosure.

MICHAEL H. WOJCIK, Judge

Judge Cohn Jubelirer did not participate in the decision of this case.
Judge Fizzano Cannon did not participate in the decision of this case.

19

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vista Health Plan, Inc.,                          :
                                                  :
                        Petitioner                :
                                                  :
            v.                                    :  No. 660 C.D. 2017
                                                  :
Department of Human Services,                     :
                                                  :
                        Respondent                :

## O R D E R

AND NOW, this 31st day of May, 2018, the Final Determination of the Office of Open Records (OOR), dated April 24, 2017, is AFFIRMED IN PART and VACATED IN PART and this matter is REMANDED to OOR in accordance with the foregoing opinion. On remand, OOR shall: (1) direct the Respondent Pennsylvania Department of Human Services (DHS) to supplement the certified record with an exemption log for records responsive to Petitioner's January 12, 2017, Right-to-Know Law (RTKL)[1] request and withheld on the basis of Section 708(b)(26) of the RTKL, 65 P.S. §67.708(b)(26); (2) reconsider the applicability of DHS's proffered exemption under Section 708(b)(26) of the RTKL, 65 P.S. §67.708(b)(26), after review of the exemption log; and (3) issue a new determination consistent with this order and the foregoing opinion as to whether the records are protected from disclosure on a priority basis.

Jurisdiction is RELINQUISHED.

                                    _____
                                    MICHAEL H. WOJCIK, Judge

_____
[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.