# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| UnitedHealthcare of Pennsylvania, Inc., | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : No. 824 C.D. 2017 |
| | : Argued: April 10, 2018 |
| Pennsylvania Department of Human Services, | : | |
| | : | |
| Respondent | : | |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                        FILED:  May 31, 2018

UnitedHealthcare of Pennsylvania, Inc. (UnitedHealthcare) petitions for review from a final determination of the Pennsylvania Office of Open Records (OOR), which denied its appeal from the Commonwealth of Pennsylvania, Department of Human Services' (DHS) partial denial of its request under the Right-to-Know Law (RTKL).[1]  UnitedHealthcare contends that OOR erred or abused its discretion by accepting DHS's narrow interpretation of its request, ruling on exemptions without the aid of an exemption log or *in camera* review, applying incorrect findings applicable to another requester's request, and finding that DHS met its burden of proving nine emails were exempt under the noncriminal investigation exception.  Upon review, we affirm in part and vacate in part and

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

remand to OOR to reconsider the applicability of DHS's proffered exemptions after requiring and reviewing an exemption log of the documents withheld.

## I. Background

This matter stems from a request for proposal (RFP) conducted by DHS, pursuant to Section 513 of the Commonwealth Procurement Code (Procurement Code),[2] known as Original RFP No. 06-15 and Reissued RFP No. 06-15 relating to the Physical HealthChoices Program.[3] UnitedHealthcare was one of eleven offerors that submitted proposals. However, DHS did not select UnitedHealthcare to enter into contract negotiations. UnitedHealthcare protested the bid.

On February 7, 2017, UnitedHealthcare submitted a nine-item RTKL request for documents relating to the Reissued RFP, including proposal, evaluation and Office of Inspector General (OIG) investigation documents (Request). Specifically, UnitedHealthcare requested:

> [A]ll public records relating to, received or produced by or on behalf of the Commonwealth of Pennsylvania, its agencies, employees and agents related to the Reissued RFP #06-15, including, but not limited to, the following, regardless of the form of the record:
>
> a) All records and documents relating to the debriefing meeting(s) between DHS representatives and representatives of Pennsylvania Health & Wellness, Inc. ("PA H&W") in November and/or December 2016 at

---

[2] Section 513 of the Procurement Code governs competitive sealed proposals. 62 Pa. C.S. §513.

[3] This matter and the matters listed at Nos. 348 C.D. 2017, 543 C.D. 2017 and 660 C.D. 2017 all stem from RTKL requests seeking documents in connection with Original and/or Reissued RFP No. 06-15. These cases were argued seriately before the panel.

which the error in scoring and/or rescoring of Small Diverse Business ("SDB") proposals was discussed;

b) All records and documents relating to any communication by or between Lisa Allen, Sallie Rodgers, any representative(s) of PA H&W and/or any representative(s) of any other offeror(s) involved in the procurement pursuant to the Reissued RFP #06-15 in any way relating to the selection or potential selection of offerors from November 2016 to the present;

c) All records and documents relating to the decision of PA H&W to withdraw the portion of its proposal with regard to the Northeast and Northwest Zones under the Reissued RFP #06-15;

d) All records and documents relating to any communication by or between any representative(s) of DHS and any representative(s) of PA H&W concerning the decision by DHS to permit PA H&W to modify its original proposal by removing the portion of its proposal pertaining to the Northeast and Northwest Zones under the Reissued RFP #06-15;

e) All records and documents relating to any communication by or between any representative(s) of DHS and any representative(s) of any other offeror under the Reissued RFP #06-15 with regard to the withdrawal of the portion of the proposal from PA H&W for the Northeast and Northwest Zones under the Reissued RFP #06-15 and/or the decision by DHS to permit that modification;

f) All records and documents relating to the decision of DHS to select other offerors in lieu of PA H&W in the Northeast or Northwest Zones due to the modification of PA H&W's original proposal to remove the portions of that proposal relating to the Northeast and Northwest Zones under the Reissued RFP #06-15;

g) All records and documents relating to any communication by or between any representative(s) of DHS and any representative(s) of the Office of the

Governor regarding the procurement and services pursuant to the Reissued RFP #06-15, the SDB scoring error, and the rescoring after discovery of the SDB scoring error and the withdraw [sic] of the portions of the PA H&W proposal relating to the Northeast and Northwest Zones;

h) All records and documents relating to any communication by or between any representative(s) of DHS and any representative(s) of the [OIG] regarding the procurement and services pursuant to the Reissued RFP #06-15, the SDB scoring error, the rescoring after discovery of the SDB scoring error and the withdraw [sic] of the portions of the PA H&W proposal relating to the Northeast and Northwest Zones; and

i) All records and documents relating to any communication by or between any representative(s) of DHS and the [OIG] with regard to any investigation(s) of the procurement in connection with the original RFP #06-15 and/or Reissued RFP #06-15.

Reproduced Record (R.R.) at 26a-27a.

DHS partially granted and partially denied the Request. In response to Items (a), (c), (d), (e), (f) and (g), DHS withheld proposal information as temporarily exempt until the contract is awarded, and the evaluation committee documents as permanently exempt pursuant to the procurement exemption, Section 708(b)(26) of the RTKL, 65 P.S. §67.708(b)(26). DHS also withheld documents responsive to Items (h) and (i) under the noncriminal investigation exception, Section 708(b)(17) of the RTKL, 65 P.S. §67.708(b)(17). DHS asserted additional grounds for exemption because some records also contained internal, predecisional deliberations, Section 708(b)(10) of the RTKL, 65 P.S. §67.708(b)(10), and personal notes, Section 708(b)(12) of the RTKL, 65 P.S. §67.708(b)(12). To the extent it

4

granted the Request, DHS redacted personal identification information pursuant to Section 708(b)(6)(i)(A) of the RTKL, 65 P.S. §67.708(b)(6)(i)(A). R.R. at 18a-24a.

UnitedHealthcare appealed to OOR, challenging the denials and arguing that DHS failed to meet its burden of proving that the requested records are exempt.

OOR invited the parties to supplement the record and directed DHS to notify any third parties of their ability to participate in this appeal. DHS submitted a position statement reiterating its grounds for denial and asserted new grounds for withholding the records, including the attorney-client privilege and attorney-work-product doctrine.[4] In support, DHS submitted the affidavits of Erin Slabonik, DHS Division Director of Managed Care (Slabonik Affidavits), and David Todd, the Deputy Inspector General (Todd Affidavit).

UnitedHealthcare also submitted a position statement and affidavits. It requested "a log of all records that have been withheld or redacted" and an *in camera* review. R.R. at 152a, 170a.

OOR permitted offerors that submitted proposals to participate and submit position papers. Those that participated argued that the RTKL protected the requested documents related to their proposals from disclosure under multiple exemptions, including the procurement, trade secret and confidential, proprietary information exemptions, and presented affidavits in support.

OOR made additional requests for evidence and clarification. In response, DHS provided a supplemental affidavit of Slabonik and an affidavit and supplemental affidavit of Andrea Bankes, DHS Open Records Officer (Bankes

_____

[4] Commonwealth agencies are permitted to assert new grounds for denying a request on appeal to OOR. *See Levy v. Senate of Pennsylvania*, 65 A.3d 361, 383 (Pa. 2013).

5

Affidavit). UnitedHealthcare responded with supplementary position statements and additional affidavits.

On May 22, 2017, OOR issued its final determination. OOR denied UnitedHealthcare's appeal. OOR held that DHS reasonably interpreted Items (a), (c), (d), (e), (f) and (g) as "seeking records that would be included as part of the offerors' proposals and records used by the Evaluation Committee," which are exempt under the procurement exemption, Section 708(b)(26) of the RTKL. OOR Final Determination, 5/22/17, at 7. OOR concluded that DHS properly withheld records or portions of records responsive to Items (a), (c), (d), (e), (f) and (g) pursuant to the procurement exemption. *Id.* at 7-12. OOR also determined that DHS properly withheld documents responsive to Items (h) and (i) as noncriminal investigation documents pursuant to Section 708(b)(17) of the RTKL. *Id.* at 13-15. In reaching its decision, OOR considered and relied upon DHS's affidavits.

UnitedHealthcare petitioned for review. This Court granted intervention to the offerors that participated in OOR proceedings, namely: Geisinger Health Plan, Inc., Vista Health Plan, Inc., and PA H&W (collectively, Intervenors).

## II. Issues

In this appeal,[5] UnitedHealthcare contends that OOR erroneously relied upon DHS's purported interpretation of its Request where the plain language of the Request supports a different interpretation. In addition, it claims that OOR erred or abused its discretion by ruling on exemptions without requiring an exemption log or *in camera* review to establish the basis upon which to consider such exemptions. It further argues that OOR's final determination is arbitrary and capricious and

_____

[5] This Court exercises plenary, *de novo* review of OOR's determination in this matter. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

6

constitutes an abuse of discretion because OOR mistakenly refers to a request made by another requester. Finally, UnitedHealthcare asserts that OOR erred in finding that DHS met its burden of proving that nine emails were exempt under the noncriminal investigation exception.

### III. Discussion
### A. Interpretation of the Request

First, UnitedHealthcare claims that OOR improperly accepted DHS's proffered interpretation of UnitedHealthcare's Request regarding Items (a), (c), (d), (e), (f) and (g) as requesting "proposals or records of a proposal Evaluation Committee." OOR's Final Determination at 7-8. OOR found the interpretation "reasonable" based on the language of the Request and the Slabonik Affidavits that DHS routinely received such requests. Neither the Request nor Slabonik Affidavits support DHS's overly restrictive interpretation. UnitedHealthcare maintains that all of the items in its Request "related to communications with or decisions from third parties, *after the submission of proposals*." Petitioner's Brief at 11 (emphasis in original). "UnitedHealthcare sought documents relating to communications between DHS and other bidders *after* the scoring of the Evaluation Committee was completed." *Id.* at 11-12 (emphasis in original). UnitedHealthcare also sought documents relating to a meeting between DHS representatives and one successful offeror, PA H&W, which took place on December 19, 2016. UnitedHealthcare asserts that such documents are not proposal documents or records of a proposal Evaluation Committee. Simply because DHS routinely receives RTKL requests seeking proposal and evaluation records from other requesters does not mean that DHS can limit all requests related to an RFP so narrowly. DHS's interpretation is contradicted by Slabonik, who attested that UnitedHealthcare did not request

7

"evaluation documents." R.R. at 135a. OOR's acceptance of DHS's proffered interpretation without any proof constitutes a violation of Section 708 of the RTKL, 65 P.S. §67.708. On this basis, UnitedHealthcare requests a remand with instructions for OOR to reconsider the interpretation of UnitedHealthcare's RTKL Request.

Under the RTKL, information is only subject to disclosure if it is a "public record." Section 301(a) of the RTKL, 65 P.S. §67.301(a). Records in possession of a Commonwealth agency are presumed to be public unless they are: (1) exempt under Section 708 of the RTKL; (2) "protected by a privilege"; or (3) exempt under any other Federal or State law or regulation or judicial order or decree. Section 305(a) of the RTKL, 65 P.S. §67.305(a).

The first step in determining whether an exemption under Section 708(b) applies is to compare the RTKL request with the language of the asserted exemption. *Heavens v. Department of Environmental Protection*, 65 A.3d 1069, 1075 (Pa. Cmwlth. 2013). "A written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested . . . ." Section 703 of the RTKL, 65 P.S. §67.703. To determine whether a request is sufficiently specific, courts examine:

> (1) the subject matter of the request; (2) the scope of the documents sought; and (3) the timeframe for the records sought. While this test is a flexible one, the requirement that a requester identify the subject matter of a request necessitates that a requester "identify the transaction or activity of the agency for which the record is sought." In addition, the requirement that a requester identify the scope of the documents sought necessitates that a requester "identify a discrete group of documents either by type . . . or recipient." Finally, although the timeframe element of the "sufficiently specific" test is the most fluid when evaluating a requester's request, the request should

8

> identify "a finite period of time for which records are sought."

*Office of the District Attorney of Philadelphia v. Bagwell*, 155 A.3d 1119, 1143 (Pa. Cmwlth.), *appeal denied*, 174 A.3d 560 (Pa. 2017) (citations omitted) (*Bagwell IV*); *see Askew v. Pennsylvania Office of the Governor*, 65 A.3d 989, 992 (Pa. Cmwlth. 2013). Although an agency may interpret the meaning of a request for records, that interpretation must be reasonable and construed within the context of the request. *See Pennsylvania Department of Conservation and Natural Resources v. Vitali* (Pa. Cmwlth., No. 1013 C.D. 2014, filed July 9, 2015), slip op. at 10;[6] *see, e.g.*, *Spatz v. City of Reading* (OOR, Dkt. No. AP 2013-0867, filed July 1, 2013); *Signature Information Solutions, Inc. v. City of Warren* (OOR, Dkt. No. AP 2012-0433, filed April 20, 2012).[7]

An agency bears the burden of proving, by a preponderance of the evidence, that a record is protected from disclosure under one of the enumerated exemptions or contains privileged material. Section 708(a)(1) of the RTKL, 65 P.S. §67.708(a)(1); *Bagwell IV*, 155 A.3d at 1130; *McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 380 (Pa. Cmwlth. 2014). A preponderance of the evidence is a finding "that the existence of a contested fact is more probable than its nonexistence." *Pennsylvania State Troopers Association v. Scolforo*, 18 A.3d 435, 439 (Pa. Cmwlth. 2011) (internal quotation marks omitted).

---

[6] Section 414 of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code §69.414.

[7] Decisions of administrative boards or tribunals have no precedential value on this Court. *Scott v. Delaware Valley Regional Planning Commission*, 56 A.3d 40, 44 (Pa. Cmwlth. 2012).

An agency may present sufficient evidence by the submission of affidavits. *Bagwell IV*, 155 A.3d at 1120; *McGowan*, 103 A.3d at 381; *Heavens*, 65 A.3d at 1073.

> Affidavits are the means through which a governmental agency . . . justifies nondisclosure of the requested documents under each exemption upon which it relied . . . . The affidavits must be detailed, nonconclusory, and submitted in good faith . . . . Absent evidence of bad faith, the veracity of an agency's submissions explaining reasons for nondisclosure should not be questioned.

*McGowan*, 103 A.3d at 381 (quoting *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013) (citation omitted) (*Scolforo*)). However, conclusory affidavits, standing alone, will not satisfy an agency's burden of proof under the RTKL. *Id.* Moreover, the affidavit must be specific enough to permit OOR or a reviewing court to ascertain whether the claimed exemption applies to the records requested. *Id.*

UnitedHealthcare claims it was seeking documents "related to communications with or decisions from third parties, ***after the submission of proposals***" and "relating to communications between DHS and other bidders ***after*** scoring of the Evaluation Committee was completed." Petitioner's Brief at 11-12 (emphasis in original). However, UnitedHealthcare's actual Request was far more extensive than that. *See* R.R. at 26a-27a.

DHS interpreted the Request as seeking documents submitted as part of offerors' proposals and evaluation documents that relate to DHS's decision to select offerors and offered affidavits in support. R.R. at 18a-24a. Slabonik interpreted the Request as seeking "documents included as part of the offerors' proposals and documents that would include scoring and evaluation sheets, used by the Evaluation Committee" as well as "correspondence, announcements, selection memorandum,

news releases, and similar documents related to the re-scoring but not evaluation documents." R.R. at 83a; *accord* R.R. at 84a. The Slabonik Affidavits are based on Slabonik's reading of the Request and her experience as DHS's Division Director. R.R. at 81a, 84a, 134a. Slabonik attested that DHS "routinely receives RTKL requests for the scoring and evaluation records . . . ." R.R. at 84a.

Upon review of the Request and the Slabonik Affidavits, DHS's interpretation that UnitedHealthcare was seeking documents related to the proposals and evaluation records was reasonable.[8]

## B. Exemption Log

Next, UnitedHealthcare contends that OOR ignored UnitedHealthcare's repeated requests to require an exemption log of the withheld documents and failed to conduct an *in camera* review of those documents to determine whether the procurement exemption asserted for Items (a), (c), (d), (e), (f) and (g) applied. Because DHS misinterpreted its Request and did not meet its burden of proving the records were exempt, OOR's failure to obtain an exemption log or perform *in camera* review was a violation of Section 708 of the RTKL. According to UnitedHealthcare, these evidentiary omissions are particularly glaring in light of the fact that another offeror requested and was granted this same relief from the same appeals officer in connection to records related to the same RFP. *See Aetna Better Health of Pennsylvania v. Department of Human Services* (OOR, Dkt. No. AP 2017-0572, filed July 14, 2017) (the appeals officer, following examination of the exemption log and reviewing records *in camera*, ordered DHS to provide 32

---

[8] If UnitedHealthcare was truly seeking documents after submission of proposals and after scoring, or documents related to the December 19, 2016, meeting, it should have made its request more specific. *See* Section 703 of the RTKL, 65 P.S. §67.703; *Bagwell IV*, 155 A.3d at 1143; *Askew*, 65 A.3d at 992.

11

additional documents previously withheld). The appeals officer would not have discovered DHS's violations without the aid of an exemption log and *in camera* review. *Id.* Without those same safeguards here, UnitedHealthcare cannot ascertain whether responsive records were omitted and this Court cannot determine whether the claimed exemption applies to all records responsive to its Request. Therefore, UnitedHealthcare asks this Court to vacate and remand to OOR to reconsider the applicability of DHS's proffered exemptions after requiring an exemption log and conducting *in camera* review.

In addition to affidavits, an agency may justify its exemptions with an item-by-item indexing system, commonly referred to as a privilege or exemption log.[9] *McGowan*, 103 A.3d at 381; *Heavens*, 65 A.3d at 1075-77. Such a log "typically lists the date, record type, author, recipients, and a description of the withheld record . . . ." *McGowan*, 103 A.3d at 381. A log "can serve as sufficient evidence to establish an exemption, especially where the information in the log is bolstered with averments in an affidavit." *Id.*; *see Heavens*, 65 A.3d at 1075. "An index, even one containing minimal description, offers a tool for a fact-finder reviewing corresponding records." *Office of the Governor v. Davis*, 122 A.3d 1185, 1194 (Pa. Cmwlth. 2015).

In *Bowling v. Office of Open Records*, 990 A.2d 813, 825 nn.12-13 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013), this Court recognized the utility of

---

[9] Although the terms are used interchangeably, a "privilege log" applies when a privilege is asserted; an "exemption log" applies when an exemption is asserted. *See McGowan*, 103 A.3d at 378; *see also In re Thirty-Third Statewide Investigating Grand Jury*, 86 A.3d 204, 207 n.2 (Pa. 2014) (recognizing that the term "privilege log" pertained to the attorney-client privilege and the work-product exemption under Rule 573(G) of the Pennsylvania Rules of Criminal Procedure, Pa. R. Crim. P. 573(G). This indexing system has also been referred to as a "*Vaughn* index," based on recognition of the approach in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). *See Scolforo*, 65 A.3d at 1104 n.13.

"an item-by-item indexing system which correlates to a specific . . . exemption," but cautioned that "a satisfactory index could undermine the exemption and, in those cases, agencies may proffer generic determinations for nondisclosure." In such cases, agencies may "justify their exemptions on a . . . category-of-document basis." *Bowling*, 990 A.2d at 825 n.13. Under the category-of-document methodology, the classification must enable a court to determine how each category of documents, if disclosed, would interfere with the agency's duty not to disclose exempt public records. *Id.* However, "[i]t is not enough to include . . . *a list of subjects*" to which an exemption may have related. *Scolforo*, 65 A.3d at 1104 (emphasis added). An affidavit must be specific enough to permit OOR or this Court to evaluate the exemptions as they apply to *particular documents*. *Id.*

OOR has the authority to request production of an exemption log and to conduct *in camera* review of documents where an exemption or privilege has been asserted. *Office of Open Records v. Center Township*, 95 A.3d 354, 369-70 (Pa. Cmwlth. 2014). "Records reviewed *in camera* may serve as a sufficient basis for a fact-finder to assess whether an exemption applies." *Davis*, 122 A.3d at 1194. However, where an agency sufficiently explains the basis for nondisclosure through an affidavit, a log is not necessary. *See Chambersburg Area School District v. Dorsey*, 97 A.3d 1281, 1289 (Pa. Cmwlth. 2014).

In *Pennsylvania Department of Education v. Bagwell*, 131 A.3d 638 (Pa. Cmwlth. 2016) *(Bagwell III)*, we considered the sufficiency of affidavits to establish the attorney-work-product privilege. There, the Pennsylvania Department of Education (Department) appealed a final determination of OOR that directed the disclosure of certain emails pursuant to the RTKL. In support, the Department presented affidavits regarding the content of the requested documents, arguing that

13

the documents were protected by the attorney-work-product doctrine. However, the Department did not submit an exemption log. We found the Department's affidavits to be "conclusory and vague" because they did not "*describe the records with any particularity* as to how the privilege supports non-disclosure or redaction . . . of allegedly responsive records." *Id.* at 658 (emphasis added). "As a result, neither OOR nor this Court had sufficient information to evaluate the exemptions." *Id.* (citing *Davis*, 122 A.3d at 1194).

Here, UnitedHealthcare was seeking documents related to the proposals and evaluation records. DHS withheld the documents responsive to Items (a), (c), (d), (e), (f) and (g) of the Request on the basis of Section 708(b)(26) of the RTKL, which provides:

> Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:
>
>                       \* \* \*
>
>     (26) A proposal pertaining to agency procurement or disposal of supplies, services or construction *prior to the award of the contract or prior to the opening and rejection of all bids*; financial information of a bidder or offeror requested in an invitation for bid or request for proposals to demonstrate the bidder's or offeror's economic capability; *or the identity of members, notes and other records of agency proposal evaluation committees established under 62 Pa. C.S. §513 (relating to competitive sealed proposals).*

65 P.S. §67.708(b)(26) (emphasis added).

In support, DHS presented evidence in the form of affidavits. The Slabonik Affidavits describe the evaluation process, how the evaluation committee evaluated the offerors, how DHS selected offerors for contract negotiations, and how

14

DHS interpreted and responded to the Request. R.R. at 84a-85a, 139a-42a. "[T]he documents pertaining to the evaluation committee contain Evaluation Committee members' notes that are used solely for that individual member's use in evaluating the offerors' proposals." R.R. at 84a, 136a, 141a. The Slabonik Affidavits attest that "[t]he Evaluation Committee materials and member names are to remain confidential in order to shield the internal procurement process against external threats to its integrity in order for the evaluators to freely express their opinions." R.R. at 85a, 142a. The responsive records include "offerors' proposals and documents that would include the scoring and evaluation sheets, used by the Evaluation Committee in evaluating the technical submittals of the offerors' proposals . . . ." R.R. at 83a, 135a. The Slabonik Affidavits then conclude that the proposal and evaluation documents are exempt pursuant to Section 708(b)(26) of the RTKL. R.R. at 86a, 143a.

In addition, Bankes attested in her affidavit that "the only documents withheld were for the following: a. Proposal documents, pursuant to 65 P.S. §67.708(b)(26); b. Evaluation Committee records, pursuant to 65 P.S. §67.708(b)(26); and c. correspondence under the attorney-client and attorney-work-product doctrine, pursuant to [Section 102 of the RTKL,] 65 P.S. §67.102 (definition of privilege)." R.R. at 144a-45a. OOR determined that the affidavits constituted sufficient evidence justifying nondisclosure under the procurement exemption and it did not request the production of an exemption log or review the documents *in camera*.

Upon review, the affidavits primarily describe the general subject matter of the documents requested, *i.e.*, proposal and evaluation documents. Although the Slabonik Affidavits refer to certain categories of documents, such as

15

the offerors' proposals, scoring and evaluation sheets, which are clearly exempt, the affidavits do not sufficiently describe or identify other types of documents responsive to the Request. Without a description of the particular documents withheld, other than DHS's interpretation that the documents *related to* the proposals and evaluation records, this Court is unable to assess whether *all* documents responsive to the Request qualify for exemption and nonproduction. Thus, with regard to the documents responsive to Items (a), (c), (d), (e), (f) and (g) of the Request that DHS withheld on the basis of Section 708(b)(26) of the RTKL, we find it necessary to vacate this portion of the final determination and remand to OOR to reconsider the applicability of DHS's proffered exemptions after requiring an exemption log of those documents.

## C. Arbitrary and Capricious

Next, UnitedHealthcare contends that OOR's final determination is arbitrary and capricious and constitutes an abuse of discretion because it mistakenly refers to a request made by another requester, Aetna Better Health of Pennsylvania (Aetna). The Slabonik Affidavits evidence a cut-and-paste job from Aetna's RTKL request, as they mistakenly refer to Aetna and its nonselection for contract negotiations. R.R. at 83a; *see id.* at 134a. OOR repeated this error by referencing these same paragraphs in its final determination. The inclusion of these factual assertions are completely irrelevant to UnitedHealthcare's Request and appeal.

"An abuse of discretion is more than just an error in judgment . . . ." *Commonwealth v. Smith*, 673 A.2d 893, 895 (Pa. 1996); *accord Belleville v. David Cutler Group*, 118 A.3d 1184, 1195 (Pa. Cmwlth. 2015). An abuse of discretion occurs where the "judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will." *Smith*; 673 A.2d at 895; *accord Tullytown*

16

*Borough v. Armstrong*, 129 A.3d 619, 622 (Pa. Cmwlth. 2015); *Belleville*, 118 A.3d at 1195. To be arbitrary and capricious, there must be a "willful and deliberate disregard" of the evidence submitted "which one of ordinary intelligence could not possibly have avoided in reaching a result." *Pocono Manor Investors, LP v. Pennsylvania Gaming Control Board*, 927 A.2d 209, 216 (Pa. 2007).

Here, OOR correctly cited numerous paragraphs of the Slabonik Affidavits in support of its determination. It also cited the following two paragraphs, which refer to Aetna:

> 20. Initially, the [R]equester's client, Aetna . . . was not selected for contract negotiations in all five zones per the selection letter issued on November 18, 2016.
>
> * * *
>
> 23. Based on the recalculated scores, Aetna was not selected for contract negotiations in any of the five zones per the selection letter issued on December 22, 2016.

OOR's Final Determination, at 9. OOR's mistaken reference to two immaterial paragraphs does not demonstrate that the judgment exercised was "manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will." *Tullytown*, 129 A.3d at 622. The challenged paragraphs have no relevance as to whether the records requested by UnitedHealthcare are subject to disclosure under the RTKL. Rather, the two paragraphs merely state that another offeror was not selected for negotiations in DHS's rescinded November selections and the December selections. Otherwise, OOR's final determination clearly and accurately refers to the Request at hand. OOR's inclusion of two immaterial paragraphs pertaining to another requester in the context of numerous accurate paragraphs pertaining to the instant Request amounts to harmless error. Such does not rise to the level of a "willful and deliberate

17

disregard" of the evidence "which one of ordinary intelligence could not possibly have avoided in reaching a result." *Pocono Manor*, 927 A.2d at 216.

### D. Noncriminal Investigation Exception

Next, UnitedHealthcare argues that OOR erred by ignoring DHS's shifting explanations for withholding nine emails exchanged between DHS and OIG. OOR found that DHS met its burden, but failed to examine conflicting evidence presented by DHS's own witnesses or address how DHS's position shifted over time.

Section 708(b)(17) of the RTKL exempts from public disclosure records relating to a noncriminal investigation. 65 P.S. §67.708(b)(17). Specifically, Section 708(b)(17) exempts:

> A record of an agency relating to a noncriminal investigation, including:
>
> * * *
>
> (ii) Investigative materials, notes, correspondence and reports.
>
> * * *
>
> (iv) A record that, if disclosed, would do any of the following:
>
> (A) Reveal the institution, progress or result of an agency investigation, except the imposition of a fine or civil penalty, the suspension, modification or revocation of a license, permit, registration, certification or similar authorization issued by an agency or an executed settlement agreement unless the agreement is determined to be confidential by a court.

65 P.S. §67.708(b)(17)(ii) and (vi)(A).

Here, UnitedHealthcare requested the following records:

18

h) All records and documents relating to any communication by or between any representative(s) of DHS and any representative(s) of [OIG] regarding the procurement and services pursuant to the Reissued RFP #06-15, the SDB scoring error, the rescoring after discovery of the SDB scoring error and the withdraw of the portions of the PA H&W proposal relating to the Northeast and Northwest Zones; and

i) All records and documents relating to any communication by or between any representative(s) of DHS and [OIG] with regard to any investigation(s) of the procurement in connection with the original RFP #06-15 and/or Reissued RFP #06-15.

R.R. at 33a.

DHS identified nine emails reflecting communications that occurred between DHS and OIG. DHS excluded these emails because they relate to the institution, progress, or result of an agency investigation. In support, DHS presented the Todd Affidavit, which states that OIG conducts investigations of agencies pursuant to the Pennsylvania Executive Order 1987-7 and explains in detail how OIG conducts its investigations. R.R. at 87a-91a. The Todd Affidavit describes the types of records it obtains during an investigation, including "records from agencies, witnesses, and other sources." R.R. at 88a. OIG will "review the records for information related to the complaint or matter being investigated; conduct interviews of witnesses and subjects of the investigation; conduct on-site inspections or surveillance; and, conduct other traditional investigative activities as necessary to obtain evidence relating to the complaint or matter being investigated." R.R. at 88a-89a.

With regard to the investigation of the Reissued RFP in this matter, OIG reviewed all documents obtained from DHS and from other witnesses or sources.

R.R. at 89a-90a. The documents relate to communications by or between DHS and OIG relating to the RFPs, including correspondence. R.R. at 90a. The Todd Affidavit states that disclosure of the responsive records would reveal information regarding the institution, progress, or result of the investigation. R.R. at 90a. "Allowing the unnecessary disclosure of this information would impair the OIG Investigation and future investigations because it discourages individuals from providing information." R.R. at 90a. The sum of these details shows that the requested documents satisfy the elements needed to qualify as exempt noncriminal investigation documents.

UnitedHealthcare asserts that DHS shifted its position and abandoned any reliance on the use of the noncriminal investigation exemption to protect the nine responsive emails. Petitioner's Brief at 16. In support, UnitedHealthcare refers to the Supplemental Affidavit of Slabonik and the Bankes Affidavit, which make no reference at all to the noncriminal investigation exemption. *See* R.R. at 134a-36a, 144a-45a. However, these affidavits were offered in response to OOR's request for additional evidence and clarification regarding Items (a) through (g); they do not pertain to the Items (h) and (i) of the Request. *See* R.R. at 133a-34a.

OOR asked DHS to provide a supplemental affidavit for Bankes pertaining specifically to Items (h) and (i) to support DHS's use of the noncriminal investigation exemption with regard to the nine emails. R.R. at 172a-73a. In the Supplemental Affidavit offered, Bankes clarified that the noncriminal investigation exemption of the RTKL applied to nine emails responsive to Items (h) and (i). R.R. at 172a, 177a-78a. She explained that the emails are correspondence from OIG to DHS legal counsel regarding OIG's investigation relating to the RFPs in question. R.R. at 177a. Contrary to UnitedHealthcare's assertions, DHS never wavered from

20

its position that the noncriminal investigation exception of the RTKL protected documents responsive to Items (h) and (i) from disclosure. Thus, OOR properly concluded that DHS's affidavits constituted sufficient evidence to withhold these records.

## IV. Conclusion

For the above-stated reasons, we conclude that DHS's interpretation of UnitedHealthcare's Request was reasonable. OOR's inclusion of two immaterial statements did not render its decision arbitrary and capricious. DHS sufficiently proved that nine emails exchanged between DHS and OIG were exempt under the noncriminal investigation exception. Thus, we affirm OOR's final determination in this regard.

However, with regard to the records responsive to Items (a), (c), (d), (e), (f) and (g) of the Request, DHS's affidavits, standing alone, are not sufficient to support the asserted exemptions. Thus, we vacate this portion of OOR's final determination and remand for the production of an exemption log of the documents withheld. OOR shall reconsider the applicability of DHS's proffered exemptions under Section 708(b)(26) of the RTKL and issue a new determination as to whether the documents are protected from disclosure.

Accordingly, we affirm in part and vacate in part and remand to OOR for further proceedings consistent with this opinion.

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

21

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

UnitedHealthcare      :
of Pennsylvania, Inc.,     :
    :
             Petitioner  :
    :
        v.      :  No. 824 C.D. 2017
    :
Pennsylvania Department    :
of Human Services,     :
    :
           Respondent :

**O R D E R**

AND NOW, this 31st day of May, 2018, the Final Determination of the Office of Open Records (OOR), dated May 22, 2017, is AFFIRMED IN PART and VACATED IN PART and this matter is REMANDED to OOR in accordance with the foregoing opinion. On remand, OOR shall: (1) direct the Respondent Pennsylvania Department of Human Services (DHS) to supplement the certified record with an exemption log for records responsive to Items (a), (c), (d), (e), (f) and (g) of the February 7, 2017, Right-to-Know Law (RTKL)[1] request of UnitedHealthcare of Pennsylvania, Inc.; (2) reconsider the applicability of DHS's proffered exemptions after review of the exemption log; and (3) issue a new determination as to whether the records are protected from disclosure on a priority basis.

Jurisdiction is RELINQUISHED.

_____
MICHAEL H. WOJCIK, Judge

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.